BURT TANDSETTER, Appellant, v. S. E. OSCARSON, Re-
spondent.

(217 N. W. 660.)

**Master and servant — workmen's compensation — responsibility placed on
bureau.**

1. Chapter 162 of the Session Laws of 1919, known as the Workmen's Com-

---

Note.—(2) On rights and remedies under workmen's compensation acts where
injuries were caused by negligence of third persons, see annotation in L.R.A.1916A,
102, 362; L.R.A.1917D, 101; 19 A.L.R. 766; 27 A.L.R. 493; 37 A.L.R. 838; 28
R. C. L. 854; 5 R. C. L. Supp. 1584.

pensation Fund Law, creates a state insurance fund for industrial accidents in all cases where the employer and employee come under the act, and it is the intention of the law to provide sure and certain relief to injured workmen, taking from the employer and employee who come under the act all responsibility and placing absolute control in the Workmen's Compensation Bureau.

**Master and servant — workman awarded compensation by bureau cannot sue third party for damages.**

2. Under § 20 of the act § 396A20, Supplement to Comp. Laws 1913, if an injured workman elects to apply to the Workmen's Compensation Bureau for compensation under the act and final compensation is awarded he cannot thereafter sue a third party for damages, as his right to sue is subrogated to the compensation fund, and it is the duty of the Workmen's Compensation Bureau to investigate the cause of the accident, and if it is found that the act of a third party is the proximate cause of the injury the Workmen's Compensation Bureau is authorized to bring an action for damages against such person to reimburse the compensation fund, and for the benefit of the injured workman.

Opinion filed February 1, 1928.

Workmen's Compensation Acts, C. J. § 153 p. 133 n. 18; § 168 p. 140 n. 94; § 169 p. 141 n. 9.

Appeal from the District Court of Cass County, *Cole*, J.
Affirmed.
*Burdick & Shaft* (*Scott Cameron*, on oral argument), for appellant.
*J. E. Hendrickson* and *V. R. Lovell*, for respondent.

BURKE, J.  The plaintiff claims, that in the course of his employment as a motorcycle policeman in the city of Fargo, without fault on his part, the defendant driving an automobile negligently collided with, and injured the plaintiff.  The city was insured under the Workmen's Compensation Act, and on application to the Workmen's Compensation Bureau the plaintiff was awarded $1,844.87 as a full and final award for his injuries.  Plaintiff was injured on the 13th day of May, 1925, and on the 3d day of June, 1927 the Workmen's Compensation Bureau by resolution assigned its cause of action to the plaintiff who then brought this action.

There was a demurrer to the complaint on grounds:

(1) Plaintiff has no legal capacity to sue; (2) that there is a defect of parties; (3) that the complaint does not state a cause of action.  The

demurrer was sustained and from an order entered thereon the plaintiff appeals.

It is conceded that there is but one question involved, viz.: Can the plaintiff maintain this action after applying for and receiving from the Workmen's Compensation Bureau a final award for his injury? In other words is the remedy provided by the Workmen's Compensation Act exclusive of all other remedies or may an injured employee have the full benefit of the act, and also a right of action against a third party responsible for the injury?

The Workmen's Compensation Bureau is a state institution, a part of the department of Agriculture and Labor, and is intended to provide and does provide insurance for industrial accidents. The bureau is vested with full power and jurisdiction over and has supervision of every employment and place of employment, to enforce and administer all laws requiring such employment and place, to be safe. It may inquire of, and it is the duty of every employer to give all information necessary to enforce the provision of the law.

Every employer subject to the act must annually pay into the compensation fund the premium fixed by the bureau and if he has complied with the law in other respects he is on the payment of the premium insured against all accidents in his business, and free from any liability thereon.

In paragraph "H" it is declared to be the intent of this "act to restore to industry those injured in the course of employment. The bureau shall accordingly assist industrial cripples to obtain appropriate training, education and employment, and may co-operate with the Federal board of vocational education for this purpose."

It seems to be the intent of the law to retain jurisdiction over the injured, not only until compensation is paid, but continuously for the purpose of assisting, educating, and restoring to industry those injured in the course of employment. This is more conclusively shown by § 1 of the act which reads as follows:

"The state of North Dakota, exercising herein its police and sovereign powers, hereby declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and therefore, for workmen injured in hazardous employments, and their families and dependents, sure and certain relief is hereby provided

regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

From this section it clearly appears that the purpose of the act is to provide sure and certain relief regardless of questions of fault *and to the exclusion of every other remedy, proceeding, or compensation, except, as otherwise provided in the act.* From this language standing alone it would seem that anyone who accepts this sure and certain relief, as provided in the act, accepts it on the condition that it is a final settlement and exclusive of every other remedy, except as otherwise provided in this act. But the statute does not stop with this language, but continues as follows, "and to that end, all civil actions and civil causes of action for such personal injuries, and all jurisdiction of courts of the state over such causes are hereby abolished, except as in this act provided." The remedy is not only exclusive but all actions for damages and the jurisdiction of all courts over such actions, except as provided in the act itself are abolished. It becomes necessary then to search the act for the purpose of determining whether there is any provision therein which enables the plaintiff to sue a third party not bound by the act after having received the benefit of a final award. It is conceded that he has no such right unless it is given by § 398a20, Supplement Comp. Laws 1913 which reads as follows:

"When an injury or death for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the North Dakota workmen's compensation fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents, may, at his or their option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act, the North Dakota workmen's compensation fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person, provided, if the workmen's compensation fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the in-

jured employee or his dependents less the expenses and costs of action."
The plaintiff under this section might *at his option either claim com-
pensation under this act or obtain damages from, or proceed at law
against such other person to recover damages, that is he has* an option
either to claim-compensation under the act, or to proceed at law against
such other person to recover damages, but the statute does not give him
the right to do both. If compensation is claimed and awarded, the North
Dakota workmen's compensation fund is subrogated to the rights of
the injured employee or his dependents to recover against that person.
The statute is not ambiguous. It does not say that the workmen's com-
pensation fund shall have the right to recover, it does not extend the
right to both parties, but it says the workmen's compensation fund shall
be subrogated to the rights of the injured employee, and it follows that
all the rights which the injured employee had to bring such action are
in law conveyed to the workmen's compensation fund. "Subrogation
in its broadest sense is the substitution of one person in place of an-
other with reference to a lawful claim of right." 25 R. C. L. 1311.

As we have already said, the duties of the Workmen's Compensation
Bureau do not cease with the award of compensation to the injured
workmen, but continue to exist for the replenishment of the compen-
sation fund, and for the benefit and assistance of the injured workmen.
The workmen's compensation fund is a public fund to which every
employer is bound to contribute, and the members of the Workmen's
Compensation Bureau are public servants composed of the commissioner
of agriculture and labor, the state commissioner of insurance, and
three other members appointed by the governor. The commissioner of
agriculture and labor and the state insurance commissioner have other
duties in connection with their official positions besides their duties
as members of bureau, but three other commissioners appointed by
the governor must under the law devote their entire time to the duties
of the bureau. They are provided with an office at the state capitol,
have the authority to employ assistants and all the clerical help neces-
sary, and have a regular paid attorney. The state treasurer is the
custodian of the workmen's compensation fund and all disbursements
thereof shall be paid by him on vouchers authorized by the Workmen's
Compensation Bureau. There was an appropriation of $50,000 *to
put into effect the provisions of the act.* It seems clear that it is the

intent of the law to provide state insurance for industrial accidents, insuring sure and certain relief to the injured workmen, taking from the employer and employee who come under the act all responsibility, and placing absolute control in the Workmen's Compensation Bureau. The injured workmen under the law can either apply to the board for compensation or he may sue a third party who does not come under the act, but if he applies for, and receives an award of compensation all of his rights against the third party are by operation of law conveyed to the workmen's compensation fund, and it then becomes the duty of the Workmen's Compensation Bureau to thoroughly investigate the cause of injury, and if it finds that the injury was caused by some third party who does not come under the act, then the Workmen's Compensation Bureau is authorized to bring an action against said third party for two reasons first, to reimburse the compensation fund for the amount of award and, second, for the benefit of the injured workmen, if a recovery is had for more than the amount awarded.

A review of the decisions of the courts is of little value as no two statutes are exactly alike.

In the recent case of Martell v. Kutcher (Wis.) 216 N. W. 522, a case where the facts are almost identical with the case at bar, the Wisconsin court held that the injured party could bring an action against the third party wrongdoer after having received the award, but the Wisconsin statute specifically gives to the injured employee the right to bring the action, if the employer does not bring it in ninety days. An examination of the decisions of the different states discloses, that where the courts have held that the injured workmen could sue a third party after the award had been made, the statute in such state usually gives him that right, and in nearly all of the statutes the fund is provided by the employer directly, or by some insurance company in which the employer has insurance. In this state the insurance is provided by the state, from the fund paid to the compensation fund in premiums by the employer, and the members of the Workmen's Compensation Bureau cannot shift the responsibility of bringing an action to reimburse the compensation fund, and for the benefit of the injured workmen, if there is a cause of action against a party who does not come under the act. The cases are all collected and cited in 19 A.L.R. 766; 27 A.L.R. 493, and 37 A.L.R. 838.

.. We are clearly of the opinion that it is the intention of our statute to take from the employer and employee who come under the act all responsibility and to administer the law through the bureau. The judgment is affirmed.

· NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.