Hillsborough, } No. 3129.
Dec. 5, 1939. }

LAWRENCE SCHOFIELD *v.* E. R. BATES & COMPANY.

*Robert J. Doyle* and *Bolic A. Degasis* (*Mr. Doyle* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch orally), for the defendant.*

WOODBURY, J. There is no merit in the plaintiff's contention that the evidence conclusively establishes the defendant's fraud. While the plaintiff testified to facts from which fraud might be found, the court was not compelled to accept his testimony as true, and, in addition, there was ample testimony from the adjuster for the defendant's insurance carrier, who conducted all negotiations with the plaintiff respecting his acceptance of compensation, to the effect that no fraud was practiced upon him. Under these circumstances it would serve no useful purpose to give detailed consideration to the evidence upon this issue.

It is undisputed that the plaintiff was a minor when he was injured and that he was also a minor when he first accepted and cashed checks in payment of compensation under the act. It is also undisputed that within two months after he became of age he accepted and cashed two more checks from the defendant's insurer which he knew to be in payment of compensation. The plaintiff's original acceptance of the benefits of the act, since he was then a minor, did not amount to a binding election by him to pursue his remedy thereunder to the exclusion of his remedy at common law (*Roberts* v. *Hillsborough Mills*, 85 N. H. 517), but his acceptance of payments of compensation under the act after he attained his majority, since that acceptance was properly found not to have been induced by fraud, constituted a valid election under P. L., c. 178, s. 11, which binds him to pursue his remedy under the statute to the exclusion of his remedy at common law. From this it follows that we need not consider whether his acceptance of compensation payments after he became of age also amounted to a ratification by him of his previous voidable election.

*Exception overruled.*

BRANCH, J., did not sit: the others concurred.