## MYERS v. WESTLAND OIL CO.

## FOSTER v. WESTLAND OIL CO.

Civ. Nos. 1583, 1582.

United States District Court
D. North Dakota, N. W. D.

May 16, 1949.

See also D.C., 96 F.Supp. 656.

Murray & Murray, J. A. Austin, all of Bismarck, N. D. and Joseph P. Stevens, of Minot, N. D., for plaintiffs.

J. F. X. Conmy, of Fargo, N. D., Francis Murphy, of Fargo, N. D. and George A. McGee, of Minot, N. D., for defendant.

VOGEL, District Judge.

These two cases involve identical questions and will be treated together in this memorandum. One is for damages by reason of alleged personal injuries sustained by the plaintiff in an explosion and fire on the defendant's premises. The second is for damages by reason of wrongful death occurring at the same time. Through use of the discovery rules, the defendant was able to disclose on the record the undisputed fact that both plaintiffs had exercised their option to file claim against and receive benefits from the State of North Dakota through the Workmen's Compensation Bureau. The exercise of such an option by a Workmen's Compensation claimant, under the statutes of the State of North Dakota and the decisions of the Supreme Court of North Dakota, subrogates the State of North Dakota, through its Workmen's Compensation Bureau, to all of the rights possessed by the claimants against third parties who might have been responsible for the injuries and death. It has been held by the Supreme Court of North Dakota in the case of Tandsetter v. Oscarson, 56 N.D. 392, 217 N.W. 660, that

under such a set of circumstances the injured party could not maintain a suit in his own name against a third party responsible for the injuries or death and that the complete and absolute control of the cause of action rested with the State of North Dakota through its Workmen's Compensation Bureau. Any cause of action against a third person to recover damages had to be brought in the name of the State of North Dakota for the benefit of the Workmen's Compensation Bureau and the injured workman.

When the facts with reference to the exercise of the option to accept compensation payments became definitely established in the record, the defendant in these cases made motions to dismiss "on the grounds and for the reasons *that said action is not brought in the name of the real party in interest,* and the *plaintiff named does not have the capacity to sue* and consequently, *the Court has no jurisdiction of either the parties or the subject matter* in that it now affirmatively appears on the face of the pleadings, records, and files in this action * * * that said plaintiff has exercised the option provided by Section 65–0109 of the North Dakota Revised Code of 1943, and said plaintiff has claimed compensation from and through the North Dakota Workmen's Compensation Bureau for the injuries described in the plaintff's complaint, and that said Bureau and said Workmen's Compensation Fund has thereby become subrogated by operation of law to all rights the plaintiff might otherwise have against this defendant on account of the loss and injury described in the plaintiff's complaint." (Emphasis supplied.)

The motion was duly noticed and heard by the Court on the opening day of the term at which the cases would ordinarily have been reached for trial. After hearing the arguments of counsel, the Court entered a judgment of dismissal in each case as follows: "Ordered, adjudged and decreed that the motion of the defendant for a dismissal of the above entitled action be and the same hereby is granted and the said action dismissed."

Such Judgments of Dismissal were dated October 12, 1948. The term of court for the Northwestern Division, in which such actions were pending, is a continuing term of one year. It commenced on October 12, 1948, and will continue through October 10, 1949. On October 15, 1948, the attorneys for the plaintiff in the Hobart A. Myers case served a Notice of Appeal and Undertaking on the defendant's attorneys, such service being effected on October 15, 1948. An examination of the Clerk's files in the Hobart A. Myers case, however, discloses that the Notice of Appeal was not filed with the Clerk and apparently no effort was ever made to pursue the appeal in the Hobart A. Myers case, and, furthermore, insofar as the record discloses, no such Notice of Appeal was ever prepared or served in the Elizabeth Foster case.

On March 30, 1949, the plaintiff in each case caused to be filed with the Clerk of this court what is termed a "Motion for Relief From and Correction of Judgment on Grounds of Mistake, Inadvertence, Surprise and Excusable Neglect", which motion was served by mail on defendant's attorneys on March 29, 1949. The motions for relief which are now before this Court for determination ask that this Court correct its Judgment of Dismissal in each case by adding the phrase "without prejudice" subsequent to the word "dismissed". The reason for making the motion is disclosed therein and in the affidavits of counsel which accompany the motions. It appears that the North Dakota Legislature, in its 1949 session, amended the Workmen's Compensation Law of the State of North Dakota, which amendment will go into effect July 1, 1949, and whereby an injured workman who accepts the benefits of the Workmen's Compensation Law may nevertheless bring suit in his own name against a third person who may be responsible for his injuries.

Plaintiff's counsel argues that unless this Court amends its Judgment of Dismissal to clearly show that it is without prejudice, that under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the dismissal is an adjudication upon the merits and will prevent the two plaintiffs from bringing action in their own names subsequent to July 1, 1949, the effective date of the law as amended.

The question of whether or not the amended law could have a retroactive effect, such as apparently proposed or hoped for by the plaintiffs, is not before this Court for determination. The sole and only question for determination and the sole and only question which will be determined by this Court is its power to consider the plaintiff's present motion to correct its orders of October 12, 1948, by adding the words "without prejudice" thereto.

■ The Court is of the opinion that regardless of the expiration of the time for appeal from its Judgments of Dismissal of October 12, 1948, and regardless of Rule 59(e), it has inherent power over its judgments throughout the term of court during which the judgments were granted, to modify or change its decisions on the merits with respect to errors of law as well as to errors of fact, and that it does have the power to correct the Judgments of Dismissal presently complained of.

■ Boaz v. Mutual Life Ins. Co. of N.Y., 8 Cir., 146 F.2d 321, 322: "The power of the court to dismiss a jury case if it concludes that the plaintiff has no sufficient evidence is recognized in Rule 41(b), and if the court rules erroneously in refusing to dismiss where it ought to dismiss, *it has inherent power to correct its error throughout the term.* Rule 6(c) does not, either expressly or by implication, deprive the court of such *inherent power.*" (Emphasis supplied.)

I cannot see, however, where the correction requested by plaintiffs' counsel is of particularly great importance. This Court could not have dismissed the case on the merits. The motions for dismissal were granted because the plaintiffs were not the real parties in interest, as specifically set forth in the defendant's motions therefor. The motion to dismiss in each case was made because "said action is not brought in the name of the real party in interest, and the plaintiff named does not

have the capacity to sue and consequently, *the Court has no jurisdiction* of either the parties or the subject matter * * *." Plaintiffs' counsel, as the Court has already indicated, fears that the present orders of dismissal will, unless corrected, act as an adjudication on the merits. He refers to Rule 41(b), which provides as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction* or for improper venue, operates as an adjudication upon the merits." (Emphasis supplied.)

Even under this rule, it seems to me that the dismissal, being on the ground that the action was not brought by the real party in interest and that the Court had no jurisdiction of either the parties or the subject matter, could act only as a dismissal without prejudice.

No testimony was offered with respect to the liability of the defendant for the injuries and damages sustained by the two plaintiffs. All the Court determined by its Judgments of Dismissal was that the suits were not brought by the real parties in interest and hence the Court had no jurisdiction of either parties or subject matter. Accordingly, I cannot see that it makes a great deal of difference whether the Court added "without prejudice" in its Orders of Dismissal or not.

Regardless of that line of reasoning, it would seem that equity would best be served by allowing plaintiffs (if it is necessary for this Court to do anything about it) to have their day in court. If the amended law of the State of North Dakota operates as to claimants who made their election prior to the effective date of the law, then these plaintiffs should have an opportunity of having their controversies determined on their merits and not upon technicalities. Accordingly, the Judgments of Dismissal entered heretofore by this Court on October 12, 1948, will be corrected to read "dismissed without prejudice".

It will be so ordered.