NELSON v. WESTLAND OIL CO.

FOSTER v. WESTLAND OIL CO.

WESTOM v. WESTLAND OIL CO.

MYERS v. WESTLAND OIL CO.

Civ. Nos. 1886–1889.

United States District Court
D. North Dakota, N. D.

Oct. 18, 1949.

Supplemental Opinion March 29, 1951.

See also 8 Cir., 181 F.2d 371.

Murray & Murray and W. J. Austin, all of Bismarck, N. D., and J. P. Stevens, Bruce Van Sickle, of Minot, N. D., for plaintiffs.

J. F. X. Conmy, Francis Murphy, of Fargo, N. D., and George A. McGee, of Minot, N. D., for defendant.

VOGEL, District Judge.

These four cases involve the same question, were briefed and argued together, and will be treated together in this Memorandum. The suits are brought to recover damages by reason of personal injuries and wrongful death arising out of an explosion and fire occurring on or about the 21st day of July, 1947, at Minot, North Dakota. Subsequent to the injuries and death, the injured and the beneficiaries of the decedent made claim against the Workmen's Compensation Fund of the State of North Dakota for compensation payments. The claims were accepted and payments have been made thereunder.

Prior to July 1, 1949, and at the time the plaintiffs elected to make claim against the Compensation Bureau and accept payments therefrom, there was in effect a North Dakota statute reading as follows: "*65–0109. Injury Through Negligence of Third Person: Option of Employer; Fund Subrogated When Claim Filed.* When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, the injured employee, or his dependents, at his or their option, either may claim compensation under this title or obtain damages from, or proceed at law to recover damages against, such other person. *If compensation is claimed and awarded under this title, the fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person.* If the fund shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this title, any such excess less the expenses and costs of the action shall be paid to the injured employee or his dependents." (Emphasis supplied.)

The 1949 Legislature of the State of North Dakota passed House Bill No. 126, enacted as Chapter 355 of the 1949 Session Laws of North Dakota, effective July 1, 1949, which reads as follows:

"Section 1. Amendment." Section 65–0109 of the North Dakota Revised Code of 1943 is hereby amended and reenacted to read as follows:

"65–0109. Injury Through Negligence of Third Person; Option of Employee; Fund Subrogated When Claim Filed.) When an injury or death for which compensation is payable under the provisions of this title shall have been sustained under circumstances creating in some person other than the fund a legal liability to pay damages in respect thereto, *the injured employee, or his dependents may claim compensation under this title and obtain damages from, and proceed at law to recover damages against such other person.* If compensation is claimed and awarded under this title, the fund shall be subrogated pro tento to the rights of the injured employee or his dependents to the extent of amount of compensation paid. *The action to recover such damages against such other person shall be brought in the name of the injured employee, or his dependents* in the event of his death, in his or in his dependents' own right and name for the balance of compensation due him and as trustee for the workmen's compensation bureau for what it has paid on such claim. Expenses

and costs of such litigation shall be pro-rated between claimant and bureau, should any damages be awarded. If no damages are awarded, the cost of the litigation shall be paid by the employee." (Emphasis supplied.)

Prior hereto, two of the plaintiffs, Myers and Foster, *commenced suits in their own names* against the defendant, Westland Oil Company. (Hobart Myers v. Westland Oil Company, a corporation, Civil No. 1583. Elizabeth Foster v. Westland Oil Company, a corporation, Civil No. 1582.) These two suits were dismissed by this Court on the ground that under Section 65–0109, supra, the plaintiffs named did not have the right to institute the actions. The suits were dismissed without prejudice. See this Court's opinion dated May 16, 1949, D.C., 96 F.Supp. 667.

 Subsequent to July 1, 1949, entirely new suits were instituted by the four plaintiffs in their own names and as trustees for the Workmen's Compensation Bureau of the State of North Dakota. It appears on the record in the four cases that prior to July 1, 1949, the plaintiffs had elected to make claim against and receive payments from the North Dakota Workmen's Compensation Bureau. The defendant has moved to dismiss on the ground that the plaintiffs did not have the right to maintain the actions in their own names. The sole question with which we are here concerned is whether or not Chapter 355 of the 1949 Session Laws of North Dakota, supra, could have a retroactive or retrospective effect so as to permit the maintenance of these suits by the plaintiffs in their own names and as trustees. This Court is, in these cases, dealing solely with the law of North Dakota, and in passing upon the question must attempt to interpret the intent of the Legislature in enacting Chapter 355 of the 1949 Session Laws and is bound by the decisions of the North Dakota courts.

Counsel for the plaintiffs argue that Chapter 355 pertains to the remedy only, that it does not affect substantial rights, and should have a retroactive or retrospective effect, and they cite numerous cases in support thereof. In particular,

they direct attention to the case of Craig et al. v. Herzman, et al., 9 N.D. 140, 81 N.W. 288, 290. In that case, the Supreme Court was dealing with an act of the Legislature affecting mechanic's liens, and in holding that the statute in question had a retrospective effect, stated: "Another position urged by appellant is that the statute, as found in the Revised Codes, is prospective only, and cannot be given a retrospective operation, and hence cannot apply to the liens here involved, or to rights accruing under the mortgage. The general rule requiring statutes to be given only a prospective operation unless a different legislative intent is manifest is well settled. But the rule is not generally applied to statutes relating to procedure. In Suth.St.Const. § 482, it is said: 'Where a new statute deals with procedure only, prima facie it applies to all actions,—those which have accrued or are pending, and future actions. If, before final decision, a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are not affected by general words as to future proceedings from the point reached when the new law intervened. A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist. Every case must, to considerable extent, depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent; and this may be greatly influenced by considerations of convenience, reasonableness, and justice.' The numerous cases cited by the author abundantly support the text. The new statute, in so far as it authorizes the court to order a sale of the entire property, and divide the proceeds in a manner to properly secure the rights of the respective parties, related to procedure only, and must be given a retrospective operation."

Counsel for the defendant direct attention to Section 1–0210 of the 1943 Revised Code of North Dakota: "1–0210. Code Not Retroactive Unless So Declared. No part of this code is retroactive unless it is expressly declared to be so."

In the State Court's opinion in the Craig v. Herzman case, supra, no mention is made of the provisions of Section 1–0210, R.C. 1943, supra, although at the time that opinion was rendered a similar statute was in force and effect. R.C.1895, Sec. 2681. The Court in that case appeared to be concerned with the constitutional provision against the impairment of contractual obligations, and apparently the section referred to was overlooked. In the case of Jenson v. Frazer, 21 N.D. 267, 130 N.W. 832, which was handed down a number of years after the Craig v. Herzman opinion, the North Dakota Court did, however, have an opportunity of construing 1–0210, R.C. 1943. In that case, the plaintiff had perfected an appeal to a District Court from a judgment of the County Court. At that time, the party appealing had an election to appeal either to the Supreme or District Court. Shortly following the perfection of the appeal, a legislative amendment took effect, by the provisions of which such appeals were restricted to the Supreme Court. The District Court held the amendment effective as to pending actions, thereby giving it a retroactive effect. The Supreme Court reversed, and in doing so stated: "Were it not for the statutory provision hereinafter mentioned, we might be inclined to adopt the views of the trial court. But by section 6732, R.C.1905, it is expressly provided that 'no part of it (Code Civ. Proc.) is retroactive unless expressly so declared.' That this statutory rule applies to future amendments to the Code is well settled. Such is the express holding of the Supreme Court of California under an identical statutory provision. Ukiah Bank v. Moore, 106 Cal. 673, 39 P. 1071. Chapter 68 of the Laws of 1907 aforesaid contains no express declaration that it shall be retroactive in its operation. On the contrary, it merely purports to govern future appeals. It reads: 'In all actions brought under the provisions of this chapter an appeal may be taken to the Supreme Court of the state in the same manner and pursuant to the same rules as appeals from the district court. * * *'"

It is apparent that the statute governing appeals from County Court was remedial only, yet the North Dakota Supreme Court held that it could not have a retroactive effect, in view of the explicit provisions of 1–0210, R.C.1943. See also Lander & Co. v. Deemy, 46 N.D. 273, 285, 176 N.W. 922, 926:

"By the express words of our statutes, no part of the Code of Civil Procedure 'is retroactive unless expressly so declared.' Section 7320, C.L.1913. The statute just quoted is merely a declaration of a well-recognized general rule of construction. For it is well settled that—

"'Statutes will be construed to operate prospectively only, unless an intent to the contrary clearly appears. It is said: "That a law will not be given a retrospective operation unless that intention has been manifested by the most clear and unequivocal expression." And in another case: "The rule is that statutes are prospective, and will not be construed to have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction." The rule is supported by numerous cases. The rule is especially applicable where the statute, if given a retrospective operation, would be invalid, as impairing the obligation of contracts or interfering with vested rights. The principle that all statutes are to be so construed, if possible, as to be valid, requires that a statute shall never be given a retrospective operation when to do so would render it unconstitutional, and the words of the statute admit of any other construction. It is always presumed that statutes were intended to operate prospectively, and all doubts are resolved in favor of such a construction.' Lewis' Sutherland, St.Const.(2d Ed.) § 642.

"See, also, 6 R.C.L. p. 78."

Note also Patterson Land Co. v. Merchants Bank of Napoleon, 55 N.D. 90, 212 N.W. 512, 513. In holding that a statutory provision with reference to giving thirty days' notice of intention before real

estate foreclosure could not have a retrospective effect and therefore would not be applicable to mortgages given prior to the passage of that act, the Supreme Court of North Dakota stated: "In the case of E. J. Lander & Co. v. Deemy, 46 N.D. 273, 176 N.W. 922, this court held, that, under section 7320, C.L.1913, 'no part of the Code of Civil Procedure "is retroactive unless expressly so declared".'

"It follows as a matter of course that, if the Legislature intended the law to be retroactive, it would have so declared, and, not having declared it to be retroactive, it is prospective only, and does not apply to defendant's mortgage which was executed before the passage of the law, and the judgment must be, and is, affirmed."

It is true that in rendering the latter decision the North Dakota Court also based its opinion upon the theory that to have held the amendment in question as having a retroactive effect would have impaired the obligations of mortgage contracts executed prior thereto and would therefore have been unconstitutional.

In attempting to interpret legislative intent in passing Chapter 355 of the Laws of North Dakota for 1949, counsel for the defendant direct attention to the fact that this originally appeared in the Legislature as House Bill No. 126, and at that time contained the following clause: "As to all claims accruing prior to the effective date of this act, the claimant may maintain such action in the name of the Workmen's Compensation Bureau for his own right and benefit, and for the benefit of the Bureau to the extent of the amount paid by the Bureau."

This clause was deleted from the bill before its final passage, and defendant's counsel urge that this is ample and complete evidence of legislative intention not to make the act retroactive. Plaintiffs' counsel urge that the deletion of the quoted paragraph was because it was merely surplusage and that the act had a retroactive or retrospective effect regardless of the clause originally included in the bill and subsequently stricken or deleted by the Legislature.

The latter argument is not sound. Section 1–0210 specifically states that *"No part* of this code is retroactive unless it is expressly declared to be so." Such provision was a specific warning that *no part* of the Code would have such effect unless so declared. By deleting that part which would have given it a retroactive effect, the Legislature was saying that it should *not* have such effect. It seems to me that conclusion is inescapable.

Why the Workmen's Compensation Bureau has not brought or refuses to bring suit in its own name on these claims does not appear and this Court cannot be concerned with the reasons which may have motivated the officials who direct the policy of the Compensation Bureau.

There is no question whatsoever but what prior to July 1, 1949, suits to recover damages by reason of personal injuries to or death of workmen who had made claims against the Workmen's Compensation Bureau rested solely with the Workmen's Compensation Bureau. See Tandsetter v. Oscarson, 56 N.D. 392, 217 N.W. 660, 662.

In that case, the Compensation Bureau had attempted to assign its cause of action back to the injured workman, who thereafter instituted suit. In sustaining a demurrer to the complaint, the Supreme Court stated:

"In this state the insurance is provided by the state, from the fund paid to the compensation fund in premiums by the employer, and the members of the Workmen's Compensation Bureau cannot shift the responsibility of bringing an action to reimburse the compensation fund, and for the benefit of the injured workman, if there is a cause of action against a party who does not come under the act. The cases are all collected and cited in 19 A.L.R. 766, 27 A.L.R. 493, and 37 A.L.R. 838.

"We are clearly of the opinion that it is the intention of our statute to take from the employer and employee who come under the act all responsibility and to administer the law through the bureau."

■ It seems to me that in addition to the prohibition against giving any portion of the Code a retroactive effect unless expressly so declared, that Section 65–0109, R.C.1943, supra, dealt with substantial rights as well as remedies. That section created a right in the Bureau and placed a responsibility thereon. There was the right of the Bureau to replenish its funds by recovery against any responsible third person. There was also the legal subrogation of the Bureau to all of the rights of the injured workman. There was the placing of responsibility upon the Bureau to administer the law. The North Dakota Supreme Court thought that right and responsibility of such a substantial nature that it could not even be assigned or shifted. See Tandsetter v. Oscarson, supra. This Court is accordingly of the opinion that even without Section 1–0210, supra, the legislative enactment of 1949, Chapter 355 could not have a retroactive or retrospective effect. These cases will therefore be dismissed.

It Will Be So Ordered.

#### Supplementary Opinion.

Defendant in the above four cases has moved for a dismissal. This is the second time defendant has so moved. In the original motion, this Court rendered its opinion and ordered a dismissal of the actions. From such order, the plaintiffs appealed. In Nelson v. Westland Oil Co., Foster v. Westland Oil Co., Westom v. Westland Oil Co. and Myers v. Westland Oil Co., 8 Cir., 181 F.2d 371, the Court of Appeals reversed this Court's order. The question involved was solely one of North Dakota law. At the time the Court of Appeals rendered its opinion reversing this Court's order of dismissal, the Supreme Court of North Dakota had not passed upon the question. In reversing this Court, the Court of Appeals stated, 181 F.2d at page 375: "If, before these cases are finally determined by the District Court, the Supreme Court of North Dakota shall rule that such actions as these may not be maintained by injured workmen or their dependents upon causes of action which accrued prior to July 1, 1949, the decision of that

court, and not our decision, will govern the disposition of these cases."

■ Subsequent to the Court of Appeals' decision, supra, the Supreme Court of North Dakota, in the case of Gimble v. Montana-Dakota Utilities Co., 44 N.W.2d 198, did hold that actions such as these may not be maintained by injured workmen or their dependents upon causes of action which accrued prior to July 1, 1949, and said, beginning 44 N.W.2d at page 202: "The plaintiff places great reliance on the case of Nelson v. Westland Oil Co., 8 Cir., 181 F.2d 371, in which the United States Circuit Court of Appeals construed the amendment in the manner contended for by the plaintiff. The great respect that we have for that court has prompted us to study that opinion with extreme care and it is with reluctance that we find ourselves unable to reach the same conclusion."

As stated by the Court of Appeals, the ruling of the North Dakota Supreme Court as the final arbiter of North Dakota state law must govern the present motions for dismissal rather than the decision of the United States Court of Appeals.

In the presentation of the current motions for dismissal, however, a new question has been presented as to three of the cases with which we are here concerned, namely those brought by Mary Westom, Elizabeth Foster and Doris M. Nelson, wherein it is claimed that the rights of minors are involved. In the case of Hobart A. Myers no minors are involved and there is no question but what the decision of the Supreme Court of North Dakota in Gimble v. Montana-Dakota Utilities Co., supra, is controlling and that case should be dismissed without further comment.

As to the remaining three cases, the plaintiffs claim a distinction exists in that minor children are involved and that Mary Westom, Elizabeth Foster and Doris M. Nelson have instituted the present cases for the benefit of such minors. It is their claim that as to such minors there had been no competent election of remedies in the presentation of compensation claims to the North Dakota Bureau and the acceptance of awards therefrom, and that ac—

cordingly the minors are in nowise bound by the claims presented to and the benefits received from the Workmen's Compensation Bureau.

As counsel for the plaintiffs put the question: "The statutes of North Dakota provide that a person entitled to receive benefits under the Workmen's Compensation law may apply for such benefits, or may bring an action against the tort feasor for recovery, but that he cannot do both. He must make an election. It is conceded for the purpose of this motion, that a binding election to pursue either remedy is a bar from recovery under the other. The question, therefore, resolves itself into whether or not there has been a binding election."

Their position is that as to the Westom, Foster and Nelson cases, which will be the only ones referred to hereafter, there are minor children involved and that election by the widows to make claim and receive benefits (the amounts of which were determined by the number of minor children) did not constitute a binding election to accept such compensation in lieu of proceeding against a third party because the infants were not represented by general guardians or guardians *ad litem* and the election received no court approval.

In partial answer to that argument, counsel for the defendant state in their brief: "It should be noted at the outset that these actions are not brought by a guardian of the minors concerned. It follows, therefore, that if we concede, for the sake of this argument, that a guardian had to be appointed in order to make a valid and binding election under the statute that, a fortiori, a guardian would have to be appointed to properly maintain the instant action on behalf of the minors against the tort feasor."

That position is not tenable. These actions are basically ones for wrongful death. The North Dakota wrongful death statutes provide for the manner in which such actions shall be brought, the distribution of the amount of recovery by the court, and give binding power of compromise to the party entitled to bring the action.

The North Dakota Revised Code of 1943 provides:

"*32–2103. Who May Bring Action.* The action *shall* be brought by the following persons in the order named:

"1. The surviving husband or wife, if any;

"2. The surviving children, if any;

"3. The surviving mother or father;

"4. The personal representative.

If any person entitled to bring the action refuses or neglects so to do for a period of thirty days after demand of the person next in order, such person may bring the same." (Emphasis supplied.)

"*32–2104. Recovery Exempt From Decedent's Debts. The amount recovered* shall not be liable for the debts of the decedent, but *shall inure to the exclusive benefit of his heirs at law in such shares as the judge before whom the case is tried shall fix* in the order for judgment, and for the purpose of determining such shares the judge after the trial may make any investigation which he deems necessary." (Emphasis supplied.)

"*32–2106. Compromise of Action.* The person entitled to bring the action may compromise the same, or the right thereto, and such compromise shall be binding upon all persons authorized to bring the action or to share in the recovery."

From the foregoing, it appears clear that the surviving wife may institute suit, in her own name, for damages for wrongful death without the necessity of being appointed a general guardian or guardian *ad litem* for the minor children. She may even compromise the action or the right thereto and such compromise is binding upon all entitled to share in the recovery. We are concerned, then, not so much with the manner in which these actions have been instituted, but with whether or not the presentations of claims to and the acceptance of benefits from the Workmen's Compensation Bureau by the surviving widows of the decedents were binding elections insofar as the minor children are concerned.

The Supreme Court of North Dakota has not passed upon the question. A review of the decisions of the courts of other states is not particularly helpful because of lack of similarity in the statutes involved. In construing another phase of the Workmen's Compensation Act, the Supreme Court of North Dakota, in Tandsetter v. Oscarson, 56 N.D. 392, 217 N.W. 660, 662, said: "A review of the decisions of the courts is of little value, as no two statutes are exactly alike."

See also 120 A.L.R. 395, as follows: "And similarly, statutes providing compensation for death of an employee to the surviving spouse and dependent children may by the nature of their terms require or render unnecessary the appearance of minor dependent children before the board or commission, either individually or by guardian or next friend. Thus, since the status of a minor before the compensation tribunal so often depends, directly or indirectly, upon statutory provisions, no general rule applicable to all jurisdictions can be formulated."

At page 396 the commentator states:

"It seems to be generally held that where the statute provides that upon the death of an employee compensation shall be paid to the surviving spouse and the surviving dependent children, the appearance of such children by guardian or next friend before the tribunal where the proceeding is brought is unnecessary, if the proceeding is instituted by the surviving parent in behalf of himself or herself and the surviving dependent children.

"Thus, under a statutory provision that compensation for the death of an employee should be awarded to his widow and children, it was held in Lawrence v. United States Fidelity & G. Co. (1933) 226 Ala. 161, 145 So. 577, that the widow could sue for herself and the minor children without other legal or personal representation, and that a judgment in a proceeding thus brought by her was res judicata as to a subsequent proceeding under the statute by the minor children."

Other cases are cited in support of the general statement.

Plaintiffs rely, in part, upon two New Hampshire cases: Johnson v. National Biscuit Co., 1949, 96 N.H. 44, 69 A.2d 703 and Schofield v. E. R. Bates & Co., 1939, 90 N.H. 422, 10 A.2d 227. Such cases are not helpful, however, as they deal with the claims of minor *employees* rather than the claims of a widow in behalf of herself and her minor children. In addition, the compensation acts of North Dakota and New Hampshire are not similar. Under the New Hampshire act, compensation claims are made against the employer or the employer's individual insurance carrier with right of appeal to the courts. Provision is made for the appointment of guardians for *workmen* who are infants or *non compos mentis* in the enforcement of their remedies. See Roberts v. Hillsborough Mills, 1932, 85 N.H. 517, 161 A. 29, 30. In North Dakota, claims are against the Workmen's Compensation Bureau, an arm of the state itself. Jurisdiction of the courts over personal injuries sustained by employees is abolished except as provided for in the Act. Ethen v. North Dakota Workmen's Compensation Bureau, 62 N.D. 394, 399, 244 N.W. 32, 34: " * * 'To it (the compensation bureau) a large discretion is awarded. Its process and procedure is summary and simple. It is not bound by common law or statutory rules of evidence, nor, generally by technical rules of procedure. It may make investigation in such manner as, in its own judgment, may be best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the act.' Gotchy v. North Dakota Workmen's Comp. Bureau, supra, [49 N.D. 915, 194 N.W. 663]; State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, 53 N.D. 649, 207 N.W. 555; section 396a4, paragraph E, and amendments. Likewise, section 17, supra, is consistent with the declared purpose of the act and is designed to effectuate it. Thus it is evident that the Legislature intended to shear the courts, so far as it was possible to do so, of all power and jurisdiction over questions relating to the compensation of employees injured in the course of the employments

covered by the act, and to confer this power and jurisdiction on representatives of those most peculiarly interested in and benefited by the act. In this connection, see State ex rel. Dushek v. Watland, 51 N.D. 710, 201 N.W. 680, 39 A.L.R. 1169."

Plaintiffs' counsel cite Lebak et al. v. Nelson et al., 1940, 62 Idaho 96, 107 P.2d 1054. In that case, however, the Department of Finance of the State of Idaho was joined with the minors as a party plaintiff in the suit against the third party, so that case is not authority here. If the instant suits had been instituted by the State of North Dakota for the benefit of the Workmen's Compensation Fund and the deceaseds' dependents, there would then be no question but what the motions for dismissal should be denied.

Plaintiffs also rely upon Reid et al. v. Owens et al., 1939, 98 Utah 50, 93 P.2d 680, 126 A.L.R. 55. That case is not authority here as it merely holds that, under the law of Utah, beneficiaries of payments from the Industrial Commission are not precluded from maintaining action against third parties excepting where such beneficiaries have assigned their cause of action to the insurer liable for the compensation. Such interests in the cause of action against a third party as are unassigned remain in the claimants who may prosecute thereon.

It remains clear, after a review of all cases cited, that in determining this question the Court must rely entirely upon the statutes and decisions of the State of North Dakota.

Under the North Dakota Act, the injured employees or their dependents in the event of death have the option of claiming compensation *or* of proceeding at law against a third person. They cannot do both. If they claim compensation, then the Compensation Fund is subrogated to the rights of the injured employee or his dependents to recover against a third person. 65-0109, N.D.R.C.1943 supra. There are no North Dakota statutory requirements for the appointment of a guardian for the *presentation* of a claim to the Workmen's Compensation Bureau. Section 65-0501, N.D.R.C.1943, provides: "* * * No compensation or benefits shall be allowed * * * unless he or she, or someone on his or her behalf, shall make a written claim therefor * * *."

Section 65-0502, 1949 Supp. to N.D.R.C.1943, provides: "* * * Each claim shall be signed by the person entitled to compensation or by the person acting on his behalf, * * *."

It may be that a court could construe the words "or someone on his or her behalf" and "by the person acting on his behalf" as having reference to a guardian and, in effect, requiring the appointment of one where a minor employee was involved, but in view of the North Dakota Supreme Court's statement in Ethen v. North Dakota Workmen's Compensation Bureau, supra, that is most doubtful. Note the attitude of the Supreme Court of Wisconsin in Bellrichard et al. v. Industrial Commission et al., 248 Wis. 231, 21 N.W.2d 395, 398: "* * * If there is to be imposed upon a proceeding before the industrial commission a requirement that a guardian ad litem must be appointed wherever the interests of a minor are involved, the imposition of that requirement should be made by the legislature and not by this court."

Insofar as Workmen's Compensation death benefits are concerned, (and we are dealing with such benefits in these actions) the North Dakota law specifically provides that where there are children and a widow or widower the payments "shall" be made to the widow or widower, and the amount thereof will be partially determined by the number of surviving children.

Section 65-0517, 1949 Supp.N.D.R.C.1943, provides:

"If the *death results* from an injury under the conditions specified in section 65-0516, *the fund shall pay* to the following persons * * *

"3. *To the widow or widower, if there is a child,* the compensation payable under

subsections 1 or 2, and in addition thereto, *ten percent for each child.* Such compensation, however, shall not exceed a total of seventy-five percent for the widow or widower and the children. The compensation payable on account of any child shall cease when such child dies, marries, or reaches the age of eighteen years, or if over eighteen years of age and incapable of self-support, becomes capable of self-support;

"4. *To the children, if there is no widow or widower,* twenty-five percent for one child and ten percent additional for each additional child, * * *. *Compensation for a child under legal age shall be paid to its guardian"*. (Emphasis supplied.)

From the foregoing, it seems clear that where there are surviving dependent minor children the compensation payments *shall* be made to the widow or widower, if one survives, and, that only where there is no surviving widow or widower are the payments to be made to a guardian. In the instant cases, the widows of the three deceased workmen survived. Each made claim against the Workmen's Compensation Bureau on behalf of themselves and their minor children. The amounts payable on these claims were partially determined by the number of minor dependent children in each instance. The widows had the right, under the North Dakota statute, to present claims to the Workmen's Compensation Bureau and to receive payments for themselves and in behalf of the minor children. They also had the right to bring suit against the third party under the wrongful death statute. In the absence of demand by others next in line, they were the only ones who could exercise that right. They could even compromise the right to an action for wrongful death and such compromise would be binding upon all others. While the power of election between two remedies may not be technically tantamount to the power of compromise, the exercise of that power or right has considerable effect upon an action for wrongful death. The power of election of remedies is certainly no greater than, if as great

as, the power of compromise, so it seems only consistent with the North Dakota law to hold that a person who possessed the power of compromise had also the power of election of remedies. Furthermore, the statute specifically gives the widow or widower the right to make claim under the Workmen's Compensation law and to receive payment on behalf of the minors. That right by implication confers the power to elect. Without such power to elect, the right to make claim and receive payment is shorn of its meaning. The power to elect is a necessary implication from the statutorily expressed right to make claim and receive payment.

We have, then, the situation where the plaintiffs had the right to sue under the wrongful death statute or the right to make claim against the Workmen's Compensation Bureau. They could not do both. The exercise of one right prevented the exercise of the other. Rather than pursue the action for wrongful death against a third party, with its uncertain results and unmeasured benefits, they chose the way to certain, known and measured benefits under the compensation law, leaving to the State of North Dakota, through its Workmen's Compensation Bureau, the determination of what, if any, action should be taken against the third party. Had they elected to sue under the wrongful death statute, they might not have recovered or the recovery might have been grossly inadequate and the right to compensation would then have been lost. It seems to the Court that the plaintiffs had the power to elect between the two remedies, that they made legal and binding elections and that their actions in so doing foreclose the bringing of these suits by anyone excepting the State of North Dakota through its Workmen's Compensation Bureau.

■ Judge Roy A. Ilvedson of the North Dakota District Court of the Fifth Judicial District, had this identical problem before him in the case of Eddie Mae Brown, etc., et al. v. Westland Oil Co. That case was at one time removed to this court by the defendant and then remanded to the state

court on jurisdictional grounds which do not exist in the companion cases still here. In that case, the State District Court was confronted with defendant's motion to dismiss on the same grounds relied upon in the instant motions. The State District Court granted the motion to dismiss, holding that the appointment of a guardian for a dependent minor is not essential to the making of a binding election to accept the benefits of the Workmen's Compensation Law rather than to proceed against a third party tort feasor. In his opinion, which was rendered December 20, 1950, but which is unpublished, Judge Ilvedson states: "It is my decision that in North Dakota an effective and legal claim for compensation may be filed with the Workmen's Compensation Bureau in behalf of minor dependents without the necessity of a guardian being appointed for that purpose. It is my further decision that for all claims arising prior to July 1, 1949, the order of the Bureau awarding compensation to such dependents immediately subrogates the Bureau to the rights of such dependents to determine whether suit should be brought and to prosecute such suit against any negligent third-party on account of the death of the employee or workman."

On the main question for determination, there is no distinction between the Brown case in the North Dakota State District Court and those involved herein. True, the North Dakota Supreme Court has not passed upon the question and the District Court is not a court of last resort. Nevertheless, this Court finds Judge Ilvedson's opinion to be persuasive and that it correctly states the law of North Dakota.

Accordingly, this Court holds that in the four cases before it a binding election to accept compensation had been made and that, as the actions are based upon claims arising prior to July 1, 1949, they could be maintained only in the name of the State of North Dakota for the benefit of the Workmen's Compensation Fund and the deceaseds' dependents. These cases must be dismissed.

It Will Be So Ordered.