JOHN H. WELSH v. ESTATE OF JULIA WELSH, DECEASED.[1]

April 7, 1922.

No. 22,721.

**Limitation of action—continuing contract with decedent.**

1. It is *held*, on the facts stated in the opinion, that the services rendered and the goods sold and delivered by plaintiff to decedent on different dates and times during a long series of years arose out of a continuing contractual relationship between them, and that the items thereof do not constitute separate and independent contracts.

**Former decision law of the case.**

2. Decision on a former appeal followed and applied as the law of the case.

After the former appeal reported in 148 Minn. 235, 181 N. W. 356, the case was tried before Olsen, J., and a jury which returned a verdict for $1,277.20. From an order denying his motions for reduction of the verdict or for a new trial, the executor of the estate of Julia Welsh appealed. Affirmed.

*A. G. Loomis* and *A. G. Erickson*, for appellant.
*Albert H. Enerson*, for respondent.

BROWN, C. J.

This cause was here on a former appeal, and, for the reasons stated therein, remanded for a new trial. Welsh v. Estate of Julia Welsh, 148 Minn. 235, 181 N. W. 356, 13 A. L. R. 267. The facts are there fully stated and need not be repeated. The contract in-

[1]Reported in 187 N. W. 610.

volved in the action was there held to have vested in decedent the option to pay the claim of plaintiff by the conveyance of a tract of land to him, or, if the conveyance was not made, then in cash. Plaintiff's claim consisted in items of services rendered and goods sold to or furnished decedent, extending from 1902 to 1916, when decedent died without having exercised the option as to the method of paying the same. The court then held that none of the items of the claim were barred by the statute of limitations, since the statute did not commence to run until the death of decedent. The trial court followed and applied the decision on the second trial of the action. A verdict was returned for plaintiff and the executor of the estate appealed from an order denying a new trial.

The sole question requiring mention on this appeal is whether the items of plaintiff's claim which accrued prior to the date in 1907 on which defendant insists the contract relied upon by plaintiff was made and entered into, if at all, are barred by the statute of limitations. The question was decided on the former appeal. We there held that none of the items of plaintiff's account or claim were barred by the statute. The facts in the case are the same as they were on that appeal and the decision then rendered constitutes the law of the case and is final. 1 Dunnell, Minn. Dig. § 398. The court then treated plaintiff's contract with decedent as a continuing relation from the inception thereof in 1902 to the time of her death, and rejected the theory, now in effect advanced by counsel, that each item of the account or claim represented an independent transaction. In this view of the record the suggestions of counsel on the subject of the requirements of the statutory new promise sufficient to toll the statute, do not require attention; the facts render the statute inapplicable. Plaintiff claimed that the contract had its origin in 1902, and, though he was not permitted to give direct evidence thereof, the other party being dead, the evidence of other witnesses justified the jury in sustaining his contention in that respect.

This covers the case. The evidence justifies the verdict of the jury, and the record presents no reversible error in the instructions of the court or in the admission or exclusion of evidence.

Order affirmed.