## BRANDON v. TEXAS EMPLOYERS' INS. ASS'N.*

### No. 11220.

Court of Civil Appeals of Texas. Dallas.
March 11, 1933.

Rehearing Denied April 1, 1933.

E. B. Muse, Cavin Muse, and Geo. C. Cochran, all of Dallas, for appellant.

Lawther, Cox & Cramer, of Dallas, for appellee.

BOND, Justice.

Appellant, Charles Brandon, instituted this suit in a district court of Dallas county against appellee, Texas Employers' Insurance Association, arising out of a workmen's compensation proceedings. On a hearing of appellee's plea in bar in limine, judgment was rendered dismissing appellant's suit and setting aside the award of the Industrial Accident Board. Appellant appeals.

Appellee contends that the injuries alleged in appellant's suit were suffered under circumstances creating a legal liability in third parties, viz., J. E. Punchard, Jr., and the estate of J. E. Punchard, Sr., and that appellant, during the pendency of the suit, settled the claim for injuries with said third parties, and did receive in consideration therefor the sum of $1,250 in full and complete satisfaction, compromise, and settlement of any claim which he had, or might have, against said third parties, and did release and discharge any claim appellee had, or could have, against said negligent third parties; therefore, said release was a bar to the rights of appellant to recover against appellee, the compensation carrier.

Appellant alleged that on January 19, 1929, he was totally and permanently injured by the negligent acts of one J. E. Punchard, Jr., and that at the time of said injury he was an employee of the Community National Gas Company, a subscriber of appellee, and was engaged in the course of his employment; in due time, he proceeded under the Workmen's Compensation Act against said compensation carrier, to recover the compensation due under said law, and from the award of said board appealed to the court having jurisdiction.

The trial in the court below was had without reference to the proceedings before the Industrial Accident Board, or the right of appellant to recover compensation on appeal from the award of said board, but the issue upon which the rights of the parties were determined, and which we are called upon to determine on this appeal, is whether the release executed by appellant to the negligent third party, J. E. Punchard, Jr., was an election of appellant to "proceed at law against the person other than the subscriber," and bar him from proceeding to recover compensation. The basis for the issue is the release, executed during the pendency of the suit, as follows:

"Know all men by these presents: That I, Charles Brandon, in consideration of the sum of Twelve Hundred Fifty ($1250) Dollars, to me paid, the receipt of which is hereby acknowledged, have released and forever discharged John Ed Punchard, Jr., and the estate of John Ed Punchard, Sr., deceased, from any and all liabilities, claims and demands and by these presents have released and forever discharged the said John Ed Punchard, Jr., and the estate of John Ed Punchard, Sr., deceased, from any and all liabilities, claims

*Writ of error granted.

and demands to me on account of any and all injuries, losses and damages sustained by me to my person and/or property which have been caused and which have resulted or which may at any time arise by reason of the injuries sustained by me, the said Charles Brandon, in the collision on January 19, 1929, on the viaduct between Oak Cliff and the City of Dallas, across the Trinity River, in the County of Dallas. This release being in full satisfaction and completely, absolutely and finally releasing the said John Ed Punchard, Jr., and the estate of John Ed Punchard, Sr., deceased, from any liabilities, claims or demands arising wholly or partially from the cause aforesaid, known or unknown at this time, real or apparent.

"It being expressly understood that in the payment aforesaid, the said John Ed Punchard, Jr., and the estate of John Ed Punchard, Sr., deceased, acknowledge no liabilities whatsoever or liability for/in or connected with the collision aforesaid, but expressly deny the same."

■■ After said release had been introduced in evidence, appellant sought to show that the attendant execution of the release was the forbearance of appellant to prosecute a criminal charge arising out of the accident, and had nothing to do with the pending litigation, or the rights of the parties therein, and was not intended by the parties thereto to release any cause of action except the ones referred to in the release, and affected only the claim appellant had or might have against the other contracting parties. It was not intended to release the Texas Employers' Insurance Association from any claim, demand, or liability created by statute and vested in said compensation carrier. We conclude that the release offered in evidence was subject to attack, as any other kind of evidence, written or oral. The intention of the parties thereto was a proper subject of inquiry, regardless of the contents of the instrument, and the trial court erred in excluding the proffered testimony. However, giving to the instrument the full force and effect which appellee contends should be given it, that it is a complete release of all liabilities, claims ,and demands in præsenti and in futuro, existing and/or contingent against the negligent third parties, for all injuries sustained, it is not a bar to appellant's suit against appellee.

Article 8307, R. S. § 6a, provides: "Sec. 6a. Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefit of said employee or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employee or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof."

Under this article, appellant was put to an election, at the time he presented his claim to the Industrial Accident Board, as to whether he would proceed against the third party wrongdoer, or against the compensation carrier. In filing his claim with the accident board, and in prosecuting it under the compensation proceedings, appellant exercised his option to proceed against the compensation carrier. No act of his abrogating such election during the pendency of the suit will permit him to pursue the third party wrongdoer. When the option of election has thus been exercised it continues and only a judgment based on the trial of the right of action would be a bar to appellant's claims. The release not having the effect of an election, it could not prejudice appellee's right of subrogation against the wrongdoer, and appellant's rights in this suit.

Under the provisions of the statute quoted, the injured employee had a chose in action against the tort-feasor, and against whom he had a vested right of election to sue for his injuries, and, in addition thereto, he had a chose in action contingent upon the compensation carrier exercising its right of subrogation against the wrongdoer for any excess over and above the compensation and costs which the carrier might be compelled to pay. These choses of action were vested claims of appellant, and in which appellee was not interested and had no rights. Appellant had the right to do with such actions as the release indicates, and in so doing appellee, not being a party thereto, or any rights therein, is not concerned with its effect. Appellee's right of subrogation is created by statute, and immediately, upon appellant filing claim for compensation, his vested right to enforce

liability against the wrongdoer ceased and vested in appellee, and such vested right of action does not depend upon any act of appellant, and no act of his can divest appellee of its right of subrogation thus created. When appellant executed the release, it could have no effect on appellee's legal rights.

The statute under consideration vests an absolute and unqualified cause of action in the insurance carrier, so far as may be necessary to protect itself, against the third party wrongdoer, contingent, however, upon the happening of the injured employee prosecuting the claim against the carrier to a successful conclusion. This vested and absolute transfer of such cause of action, by the positive operation of the statute, takes place immediately upon the filing of the claim for compensation by the injured employee.

The issue here discussed differentiates itself from the issue in the case of Employers Indemnity Corpn. v. Felter et al. (Tex. Com. App.) 277 S. W. 376, relied upon by appellee to show an election and bar of its right of subrogation. In that case, the claimants to compensation had proceeded by suit against the wrongdoer and judgment rendered based on a trial terminated the right of action, thus the claimants were precluded from later asking compensation under the Employers' Liability Act for the same injury. In that case the suit prosecuted to final judgment was clearly an election; claimants exercised their option to proceed against the tort-feasor in a common-law action for damages, and such election barred the suit later brought by them under the compensation statute.

The judgment of the lower court is reversed and remanded.

Reversed and remanded.