HARTFORD ACCIDENT & INDEMNITY COMPANY v. SCHUTT REALTY COMPANY.[1]

May 2, 1941.

No. 32,709.

*Faegre, Benson & Krause, Paul J. McGough,* and *Wright W. Brooks,* for appellant.

*Leo P. McNally* and *Clyde W. Fiddes,* for respondent.

HILTON, JUSTICE.

The Hartford Accident & Indemnity Company as subrogee brought action against the Schutt Realty Company for its negli-

[1]Reported in 297 N. W. 718.

gence in causing the death of a workman whose employer was insured by Hartford. It seeks to recover workman compensation benefits paid to the workman's family and appeals from an adverse judgment. The only question presented is whether the contributory negligence of the deceased workman is a bar to the action by the insurer.

A short summary of the undisputed facts will suffice for disposition of the case. The workman, Arne Pederson, a window washer, died on April 5, 1937, as a consequence of injuries suffered while in the employ of Clarence T. Holberg, who did business as the Acme Window Cleaning Company. Holberg was insured by Hartford. While washing windows on the fourth floor of a building owned by defendant in downtown Minneapolis, Pederson fell to his death because a safety bolt to which his belt was fastened was improperly secured in the wall contrary to ordinance. The trial court found that defendant was negligent. But it further found that Pederson's contributory negligence was a bar to the action by plaintiff as subrogee.

The argument that the workman's contributory negligence is not a bar to the action proceeds upon the premise that the "same or related purposes" provision of 1 Mason Minn. St. 1927, § 4291(1), confers upon those third parties who are subject to the act the status of employers with consequent loss of this defense. It is said that the legislative intention was to shift to the third party the liability otherwise resting with the employer. There would be much force to the plaintiff's argument if the compensation act had in fact conferred upon such third party the status of an employer. But it has not. The similarity of his relationship to the real employer arises solely from the community of interest between them. See Rasmussen v. Geo. Benz & Sons, 168 Minn. 319, 325, 210 N. W. 75, 212 N. W. 20. Whether the third party was negligent or not has no bearing upon this similarity. Yet before the third party can be held in a suit by one who has paid compensation benefits he must have been negligent or the action will not

prevail. Carlson v. Minneapolis St. Ry. Co. 143 Minn. 129, 173 N. W. 405. This requirement alone distinguishes the third party from the employer who is liable for compensation irrespective of his negligence. § 4269.

If the third party must have been negligent before he can be held accountable, then the action authorized by § 4291(1) so partakes of the nature of a common-law action for damages that, in absence of specific legislative abolition of the defense of contributory negligence, we are constrained to hold that it is a bar to this action. Thornton Bros. Co. v. Northern States Power Co. 151 Minn. 435, 186 N. W. 863, 187 N. W. 610; Rasmussen v. Geo. Benz & Sons, 168 Minn. 319, 327, 210 N. W. 75, 212 N. W. 20; Standard Acc. Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782. The limitation of the liability of the third party to that prescribed by the compensation act is not so wholly irreconcilable with any but the alleged intention that we must hold that the legislature could only have intended to do away with this defense.

Judgment affirmed.