CHESTER P. ORTH v. SHIELY PETTER CRUSHED STONE
COMPANY AND ANOTHER.
STATE TREASURER, CUSTODIAN OF SPECIAL
COMPENSATION FUND, RESPONDENT.

91 N. W. (2d) 463.

July 11, 1958—No. 37,179.

*Ralph Foster,* for relator.

*Miles Lord,* Attorney General, and *Robert Latz,* Special Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review an order of the Industrial Commission which denied relator an award of $5,000 from the special compensation fund over and above compensation previously paid him in the sum of $10,000; and which ordered that the special compensation fund be credited with payment of $5,000 to relator out of the proceeds of $20,000 received by him in settlement of a third-party action which arose out of the accident.

Relator's injuries were sustained on July 18, 1949, in the course and arising out of his employment by Shiely Petter Crushed Stone Company. They resulted in the loss of both of his legs and of his right arm. The employer and its insurer admitted liability therefor and paid compensation to relator to the extent of $10,000, final payment being made in July of 1956. As a result of such injuries, relator instituted a common-law action against a third party based upon negligence. As indicated above, a settlement was made therein, whereby relator was paid the net sum of $20,000. The employer and insurer waived their subroga-

tion rights to any part of this sum and continued to pay relator compensation until they had paid him the full amount of $10,000.

On August 29, 1956, after the full $10,000 compensation had been paid, relator filed with the Industrial Commission a petition requesting payment of an additional $5,000 from the special compensation fund, pursuant to M. S. A. 1949, § 176.13, which provides in part:

"All employees who are now receiving, or who may hereafter become entitled to receive, compensation for permanent total disability, whether from the employer or from the special fund, after receiving the full amount of $10,000 for such disability, shall be paid from the fund an additional sum of not to exceed $5,000, in the same manner and with the same limitations, except as to amounts, at the rate of two-thirds of the wages they were receiving at the time of the injury which rendered them permanently totally disabled * * *."

The special compensation fund was created and is maintained by payments from employers to the Industrial Commission of certain specified sums in cases of death where there are no dependents entitled to compensation; and in cases of compensable injuries resulting in permanent partial disability which entitle an employee to compensation under M. S. A. 176.101.

In its opinion the commission stated:

"* * * it is clear that payment from the special fund was nothing more than and could only be considered as payment of compensation to the totally disabled employe. If by virtue of a situation giving rise to a third-party suit, and money recovered in such a suit is available, then it seems elementary that the right of subrogation lies for those who have paid compensation because of the liability imposed.

"The payments of compensation provided by the act * * * all follow from the basic compensation act * * *. To say that subrogation lies under one section and is denied under another section would be contrary to the broad and general acceptance of the act.

*  *  *  *  *

"* * * We cannot * * * see any distinction in compensation paid, whether from the fund or by an insurance carrier; therefore, we conclude that the fund be credited with the payment of $5,000 from the money

in the hands of the employe resulting from the third-party recovery."

On appeal relator asserts that subrogation rights under the compensation act are fixed by M. S. A. 1949, § 176.06, subd. 2,[1] which authorizes subrogation of an employer in third-party negligence actions instituted by an employee, but which does not extend subrogation rights to the custodian of the special compensation fund, and that therefore he should be required to pay relator the additional $5,000 as provided in § 176.13.

Respondent contends that, even though § 176.06, subd. 2, makes no reference to the custodian of the special compensation fund, under common-law principles of equity, the latter may be subrogated in third-party negligence actions arising out of industrial accidents wherein an employee recovers all or part of compensation previously paid him; and that, since relator here has received payments in excess of the $10,000 compensation paid him and the $5,000 provided for in § 176.13 no further liability rests upon the custodian thereunder.

The question has not previously been presented here, and since the provisions of § 176.13 are not common to the workmen's compensation acts of other states, there are no decisions of other jurisdictions to guide us in our determination thereof.

■ In determining whether respondent custodian of the special compensation fund may be subrogated to employee's third-party negligence action, we are governed by the general principle that, in the

---

[1]"Where an injury or death for which compensation is payable is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, * * * legal proceedings may be taken by the employee or dependents against such other party or parties to recover damages, notwithstanding the payment by the employer or his liability to pay compensation hereunder, but in such case, if the action against such other party or parties is brought by the injured employee * * * and a judgment is obtained and paid or settlement is made with such other party, either with or without suit, the *employer* shall be entitled to deduct from the compensation payable by him the amount actually received by such employee or dependents after deducting costs, reasonable attorney's fees * * * such employer shall be subrogated to all of the rights of such employee or dependents * * *." (Italics supplied.)

absence of unmistakable language, the Workmen's Compensation Act should not be interpreted to cut off or limit a workman's common-law or statutory remedies not eliminated or otherwise restricted by the provisions thereof. Cook v. Minneapolis Bridge Const. Co. 231 Minn. 433, 43 N. W. (2d) 792; 21 Dunnell, Dig. (3 ed.) § 10385(9).

■ One such remedy expressly reserved to an injured workman is his right of action against a third party not within the provisions of the act whose negligence proximately caused the injuries. § 176.06, subd. 2. The only limitation imposed upon this right is that the *employer* may deduct from compensation funds due the workman the amount which the latter shall have received in the third-party action and may be subrogated to the right of the workman for such purpose. There is nothing in § 176.06, subd. 2, which authorizes such subrogation to anyone except the employer.

■ The right of subrogation to an injured employee's third-party action appears strictly dependent upon statutory authorization rather than upon common-law principles. The workmen's compensation acts of the various states grant authority for such subrogation to either (1) the employer alone; or (2) to the employer, or, in the alternative, to his compensation insurer, or to the state compensation fund.[2] Where

---

[2]Metropolitan Cas. Ins. Co. v. Sloss-Sheffield Steel & Iron Co. 241 Ala. 545, 3 So. (2d) 306; Merino v. Pacific Coast Borax Co. 124 Cal. App. 336, 12 P. (2d) 458; Frank C. Sparks Co. v. Huber Baking Co. 48 Del. 9, 96 A. (2d) 456; New Amsterdam Cas. Co. v. Griner, 176 Ga. 69, 166 S. E. 864; Lloyd Adams Inc. v. Liberty Mutual Ins. Co. 190 Ga. 633, 10 S. E. (2d) 46; Pittsburgh, C. C. & St. L. R. Co. v. Keith, 89 Ind. App. 233, 146 N. E. 872; Southern Surety Co. v. Chicago, R. I. & P. Ry. Co. 215 Iowa 525, 245 N. W. 864; Henderson T. & T. Co. v. Owensboro H. T. & T. Co. 192 Ky. 322, 233 S. W. 743; Fidelity & Cas. Co. v. Huse & Carleton, Inc. 272 Mass. 448, 172 N. E. 590, 72 A. Lı R. 1143; State ex rel. Missouri Pac. R. Co. v. Haid, 332 Mo. 616, 59 S. W. (2d) 690; Tandsetter v. Oscarson, 56 N. D. 392, 217 N. W. 660; United States Cas. Co. v. Hercules Powder Co. 4 N. J. 157, 72 A. (2d) 190; Newark Paving Co. v. Klotz, 85 N. J. L. 432, 91 A. 91; Matter of Beekman v. W. A. Brodie, Inc. 249 N. Y. 175, 163 N. E. 298; Truscon Steel Co. v. Trumbull Cliffs Furnace Co. 120 Ohio St. 394, 166 N. E. 368; Fox v. Dunning, 124 Okl. 228, 255 P. 582; American Mutual Lia. Ins. Co. v. Otis Elev. Co. 160 Tenn. 248, 23 S. W. (2d) 245; Southern Surety Co. v. Houston Lighting & Power Co. (Tex. Civ. App.) 203

such legislation fails to authorize subrogation by specific designation, or limits its extent, or specifies the kind of action in which it is authorized, the courts will not enlarge upon or extend the specific language or provisions thereof.[3] Metropolitan Cas. Ins. Co. v. Sloss-Sheffield Steel & Iron Co. 241 Ala. 545, 3 So. (2d) 306; Merino v. Pacific Coast Borax Co. 124 Cal. App. 336, 12 P. (2d) 458; New Amsterdam Cas. Co. v. Griner, 176 Ga. 69, 166 S. E. 864; Pittsburgh, C. C. & St. L. R. Co. v. Keith, 89 Ind. App. 233, 146 N. E. 872; Henderson T. & T. Co. v. Owensboro H. T. & T. Co. 192 Ky. 322, 233 S. W. 743; Fidelity & Cas. Co. v. Huse & Carleton, Inc. 272 Mass. 448, 172 N. E. 590, 72 A. L. R. 1143; United States Cas. Co. v. Hercules Powder Co. 4 N. J. 157, 72 A. (2d) 190; Truscon Steel Co. v. Trumbull Cliffs Furnace Co. 120 Ohio St. 394, 166 N. E. 368; Fox v. Dunning, 124 Okl. 228, 255 P. 582; Aetna Life Ins. Co. v. Otis Elev. Co. (Tex. Civ. App.) 204 S. W. 376; Marshall-Jackson Co. v. Jeffery, 167 Wis. 63, 166 N. W. 647.

■ Thus, it has been said that a compensation insurer's "right of subrogation depends entirely upon the [workmen's compensation] statute" (Metropolitan Cas. Ins. Co. v. Sloss-Sheffield Steel & Iron Co. 241 Ala. 545, 3 So. [2d] 308); that "The right of recovery is statutory and is to be distinguished from cases involving subrogation" (Merino v. Pacific Coast Borax Co. 124 Cal. App. 344, 12 P. [2d] 461); that an insurer's suit against a third party causing employee's injuries "can be maintained only if authorized by statute" (Lloyd Adams Inc. v. Liberty Mutual Ins. Co. 190 Ga. 633, 639, 10 S. E. [2d] 46, 50); that "the question [of subrogation] * * * involved is that of a statutory right

S. W. 1115, affirmed, 240 S. W. 523; Williamson v. Wellman, 156 Va. 417, 158 S. E. 777; Marshall-Jackson Co. v. Jeffery, 167 Wis. 63, 166 N. W. 647.

[3]The original compensation acts of Kentucky, New Jersey, and Texas limited subrogation rights in third-party actions to employers only. They were amended to extend such rights to the employers' compensation insurers after the courts had refused to construe such compensation acts to include such compensation insurers. See, Stiglitz Furnace Co. v. Stith's Admr. 234 Ky. 12, 27 S. W. (2d) 402; Scheno Trucking Co. Inc. v. Bickford, 116 N. J. Eq. 586, 174 A. 548; Brandon v. Texas Employers' Ins. Assn. (Tex. Civ. App.) 58 S. W. (2d) 894.

* * *" (Wabash Water & Light Co. v. Home Tel. Co. 79 Ind. App. 395, 399, 138 N. E. 692, 693); that "The statute gives no right of action in such [third-party] case to the insurance company either in its own name or that of the employe * * *" (Henderson T. & T. Co. v. Owensboro H. T. & T. Co. 192 Ky. 326, 233 S. W. 744); that the compensation insurer's right of subrogation "does not rest on the principle of subrogation * * * [or] upon reimbursement [but] * * * is wholly the creature of the statute" (Fidelity & Cas. Co. v. Huse & Carleton, Inc. 272 Mass. 452, 172 N. E. 591, 72 A. L. R. 1143); that "The statute * * * extends no relief to the insurance company, either by way of subrogation or reimbursement" (Erie R. Co. v. Michelson, 111 N. J. Eq. 541, 545, 162 A. 764, 766).

In Truscon Steel Co. v. Trumbull Cliffs Furnace Co. 120 Ohio St. 394, 398, 166 N. E. 368, 369, the court said:

"In some * * * states, the Workmen's Compensation Act recognizes this right of reimbusement where there has been * * * suit against a third party * * * but *nothing of that kind appears in the Workmen's Compensation Act of Ohio*." (Italics supplied.)

In Aetna Life Ins. Co. v. Otis Elev. Co. (Tex. Civ. App.) 204 S. W. 376, 378, it was said:

"* * * appellant contends that, independent of the statute, it had the right of subrogation in equity. * * *

"* * * insurance provided under the workmen's compensation statute * * * should not have the effect of giving an equitable right of subrogation to the insurance company * * *."

In Marshall-Jackson Co. v. Jeffery, 167 Wis. 63, 68, 166 N. W. 647, 649, in construing an Illinois compensation act, the Wisconsin court stated:

"* * * the [Illinois] legislature intended that the legal rights of the employee [against third-party tortfeasors] * * * should not be affected by * * * the compensation act, except that the employer is subrogated to the right * * *. *This right does not vest in the employer any such right of action which can pass by subrogation to an insurer of the employer* * * *." (Italics supplied.)

■ As indicated above, § 176.06, subd. 2, authorizes subrogation in employee's third-party actions only for *employers*. While this section has been involved in prior cases in this court, it has never been determined here that the term *employer* as used therein was intended to include the latter's compensation insurer, although that was assumed in a number of cases in which the precise issue was not raised. See, Hartford Acc. & Ind. Co. v. Schutt Realty Co. 210 Minn. 235, 297 N. W. 718; Standard Acc. Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782; Nyquist v. Batcher, 235 Minn. 491, 51 N. W. (2d) 566; 24 Minn. L. Rev. 303.

In Fidelity & Cas. Co. v. St. Paul Gas Light Co. 152 Minn. 197, 200, 188 N. W. 265, 266, by way of dictum, it was said that the subrogation features of § 176.06, subd. 2, were "no doubt merely declaratory of the common law rule of subrogation, available to the employer without act of the legislature." Subsequently, in City of Red Wing v. Eichinger, 163 Minn. 54, 57, 203 N. W. 622, 624, again in dictum, it was stated that "Such right of subrogation as the law gave the city [the employer], it, by contract, assumed to pass to the insurance company." Finally, in McGuigan v. Allen, 165 Minn. 390, 394, 206 N. W. 714, 715, this court's doubts upon the question were disclosed when it was stated that *"For the purpose of argument only* we will assume that, if compensation is paid by the insurer * * *, the same [employer's] right of subrogation exists." (Italics supplied.)

■ From the foregoing, it must be concluded that this issue has not been determined prior hereto. Under applicable principles above set forth, § 176.06, subd. 2, in so far as it limits an employee's common-law right of action against a third-party tortfeasor, must be strictly construed. By its terms, subrogation is expressly authorized for employers only. Even if it be conceded, as implied in City of Red Wing v. Eichinger, *supra,* that, by virtue of privity of contract, the term *employer* as used therein should cover the latter's compensation insurer, this would not be authority for further extending its meaning to also include the custodian of the special compensation fund. The latter does not stand in the employer's position either by virtue of privity of contract or otherwise. He is not the employer's indemnitor for compensation paid, nor does he insure employer against compensation claims. He affords

no protection to any individual employer. He represents all employers within the act as a general class. See, Senske v. Fairmont & Waseca Canning Co. 232 Minn. 350, 45 N. W. (2d) 640.

■ Had the legislature intended that the custodian was to be subrogated to an individual employer's rights in his employee's third-party action, it should have so provided. Not having done so, we are not authorized to construe § 176.06, subd. 2, to make up for the omission. The issue is governed by the terms of this section, and since thereunder the custodian of the special compensation fund is not granted subrogation rights, we must hold that he is without authority to be subrogated to the employee's third-party action here. Accordingly, the employee is entitled to recover the $5,000 provided for under § 176.13.

The order of the commission is reversed and the case remanded for further proceedings consistent with this opinion. Relator is allowed $250 attorney's fees in this court.

KNUTSON, JUSTICE (concurring specially).

I concur in the result in so far as we hold that the custodian of the special compensation fund is not entitled to subrogation. Even as to that there might be some doubt since it would seem that to so hold is to permit double recovery for the same injury, but I think that there is sufficient reason for holding that there is a difference between the payment made by the custodian of the special compensation fund and that paid by an employer or his insurer. The custodian of the special compensation fund acts in a manner as a trustee for employers who contribute to the fund,[4] but apparently it was created by the legislature for the purpose of enabling disabled employees to receive, in cases of aggravated injuries, more than they could receive from their employer, under certain specified conditions. I think that the matter of determining whether the custodian of the special compensation fund should be entitled to subrogation should be left to the legislature.

I see no necessity, however, for holding that the insurer of an employer is not entitled to subrogation where such insurer has made payments to the employee. Apparently this part of the decision is based

[4]Senske v. Fairmont & Waseca Canning Co. 232 Minn. 350, 45 N. W. (2d) 640.

on the assumption that "The right of subrogation to an injured employee's third-party action appears strictly dependent upon statutory authorization rather than upon common-law principles." This assumption is contrary to what we have heretofore held. It is claimed also that this question has not heretofore been before us. I think that it has been decided heretofore. Even if it has not been squarely presented, we have inferentially held that such right exists for such a long time that it is now only fair to assume that employers and insurers alike have been led by our decisions to believe that they have such right both under the statute and on the equitable principles of subrogation.

In Fidelity & Cas. Co. v. St. Paul Gas Light Co. 152 Minn. 197, 198, 188 N. W. 265, 6 Minn. L. Rev. 594, the employer's insurer brought the action, and with respect to its rights we said:

"* * * Plaintiff in this action had insured the employer, and, in discharge of its contract obligation thereunder to protect the company from such liabilities, assumed the payment of the judgment, and *under the statute has become subrogated to the right of the employer to reimbursement from the third party wrongdoer.*" (Italics supplied.)

After discussing the respective rights of employee and employer, we said (152 Minn. 200, 188 N. W. 266):

"* * * The remedy is that of the employe, passing to the employer only under the rule of subrogation. In fact the provisions of the act on this subject are no doubt merely declaratory of the common law rule of subrogation, available to the employer without act of the legislature."

In City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622, the city employed one Haga as a street sweeper. While Haga was engaged in his work, he was injured by a collision between two automobiles operated by defendants. The Industrial Commission made an award to the employee. The city's insurer paid it. The city then sued defendants to recover the amount so received by the employee. We held that the city could not maintain the action because it was not the real party in interest. In addition to the statutory right of subrogation, the insurance policy involved in that case contained a provision which read (163 Minn. 55, 203 N. W. 623):

"K The Company shall be subrogated, in case of any payment under this Policy, to the extent of such payment, to all rights of recovery therefor vested by law either in this Employer, or in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates."

With respect to the relative rights of the parties, we said (163 Minn. 55, 203 N. W. 623):

"Our compensation act recognizes the insurer as such. * * * It does not compel a municipality, as it does some employers, to carry insurance. * * * The municipality, however, may carry such insurance if it so chooses. * * * Our statute * * * in reference to subrogation has had judicial recognition."

After discussing the rights of the parties, we said (163 Minn. 56, 203 N. W. 623):

"That fundamental element which supports the doctrine of subrogation, namely, the call for substantial justice, is absent. The city has been protected by the insurance company paying the employe. The city has paid nothing. It is not obligated to pay anything. It has not suffered any damage by reason of the alleged negligence of the defendants. It cannot maintain this action. Its payment of the premium to the insurance company does not change this situation. It was not incurred or paid because of the alleged negligence of defendants. * * * The city is not the real party in interest. * * *

"The insurance company and not the city has suffered the loss to the extent of the amount of money paid. If anyone is entitled to prosecute the alleged cause of action, *it would be the insurance company*. * * * Such right of subrogation as the law gave the city, it, by contract, assumed to pass to the insurance company. Analogous rights in case of fire insurance are fully discussed in 26 C. J. 465." (Italics supplied.)

In McGough v. McCarthy Improvement Co. 206 Minn. 1, 287 N. W. 857, 24 Minn. L. Rev. 301, while we held that under the facts of that case the employer or his insurer were not entitled to recover, we did not question the right of the insurer to recover if the employer could do so.

Again, in Hartford Acc. & Ind. Co. v. Schutt Realty Co. 210 Minn.

235, 297 N. W. 718, 719, we recognized the right of the insurer to maintain the action when we said:

"The Hartford Accident & Indemnity Company *as subrogee* brought action against the Schutt Realty Company for its negligence in causing the death of a workman whose employer was insured by Hartford. It seeks to recover workman compensation benefits paid to the workman's family and appeals from an adverse judgment." (Italics supplied.)

In Standard Acc. Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782, the insurer brought the action and recovered a verdict. We affirmed. We said, apparently without any objection (207 Minn. 24, 289 N. W. 783):

"* * * Plaintiff [the insurer] sought recovery under the provisions of 3 Mason Minn. St. 1938 Supp. § 4272-5, *as subrogee,* having as an insurer under the workmen's compensation act indemnified the Houston Creamery Company for its liability to the dependents of James William Nelson, an employe of that company, who was killed in the course of his employment August 16, 1937, through the alleged negligence of the defendant * * *." (Italics supplied.)

In Nyquist v. Batcher, 235 Minn. 491, 496, 51 N. W. (2d) 566, 570, 36 Minn. L. Rev. 550, we said with respect to the nature of the remedy under § 176.06:

"* * * Subrogation is an equitable remedy; * * *."

We recognized the rights of an insurer when we said (235 Minn. 501, 51 N. W. [2d] 572):

"* * * It follows that the employer herein—*or his insurer*[7]—as a subrogee under § 176.06, subd. 2, is not, upon the facts or as a matter of law, the sole party in interest as to the right to the entire proceeds of any recovery against defendant under the wrongful-death act." (Italics supplied.)

Under footnote 7 we said:

"As to rights of insurer as subrogee, see Standard Accident Ins. Co. v. Minnesota Utilities Co. 207 Minn. 24, 289 N. W. 782; 24 Minn. L. Rev. 719."

In a recent case comment found in 24 Minn. L. Rev. 719, 721, we find the following:

"* * * As to the problem of whether, in Minnesota, an insurer who has paid compensation should be subrogated to the rights against the third party to the same extent as the employer, see (1940) 24 Minnesota Law Review 301, 303, which suggests that this is the desirable result. Cf. Aetna Life Ins. Co. v. Moses, (1933) 287 U. S. 530, 53 Sup. Ct. 231, 77 L. Ed. 477, 88 A. L. R. 647; (1922) 6 Minnesota Law Review 593."

In the article referred to, found in 24 Minn. L. Rev. 301, 303, we find the following:

"* * * While Mason's 1927 Minn. Stat., 1938 Supp., sec. 4272-5 [now M. S. A. 176.061] refers only to employers and not to insurers, it would seem desirable that an insurer who has become liable for compensation should be subrogated by his contract provisions upon equitable principles. That this will be done may be inferred from certain language which the court has used. Cf. Fidelity & Casualty Co. v. St. Paul Gas Light Co., (1922) 152 Minn. 197, 188 N. W. 265 * * *."

In Lang v. William Bros Boiler & Mfg. Co. 250 Minn. 521, 85 N. W. (2d) 412, we recognized the right of the insurer even to the extent of holding that under certain conditions the insurer can intervene in an action by an employee against a third-party tortfeasor.

Finally, in Dockendorf v. Lakie, 251 Minn. 143, 148, 86 N. W. (2d) 728, 731, we said:

"No one disputes the right of the plaintiff to maintain and prosecute to completion the action which he commenced against the third-party tortfeasors under the provisions of § 176.06, subd. 2, notwithstanding payments of benefits and medical expenses had theretofore been made to him by employer's insurer; *neither can it be disputed that employer's insurer was entitled to make its application to intervene in said action* in order to establish its right to reimbursement." (Italics supplied.)

While cases can be found from foreign jurisdictions supporting either

view,[5] I think the better rule is that the insurer who has paid compensation benefits under a statute such as ours stands in the same position with respect to rights of subrogation as the employer.[6]

Aetna Life Ins. Co. v. Moses, 287 U. S. 530, 53 S. Ct. 231, 77 L. ed. 477, 88 A. L. R. 647, involved an action under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA, § 901, et seq.), which is applicable as a workmen's compensation act in the District of Columbia. The subrogation provisions in case of an action against a third party are substantially the same as ours. It provides (287 U. S. 537, 53 S. Ct. 232, 77 L. ed. 480, 88 A. L. R. 650):

"* * * 'Acceptance of such compensation shall operate as an assignment *to the employer* of all right of the person entitled to compensation to recover damages against such third person,' * * *." (Italics supplied.)

With respect to the right of subrogation of the employer's insurer, the United States Supreme Court said (287 U. S. 541, 53 S. Ct. 233, 77 L. ed. 482, 88 A. L. R. 652):

"We do not doubt, although other courts have, Henderson Tel. & Tel. Co. v. Owensboro Home Tel. & Tel. Co., 192 Ky. 322; 233 S. W. 743;[7] Hartford Accident & Indemnity Co. v. Englander, 93 N. J. Eq. 188; 118 Atl. 628, that the insurer is subrogated to the rights of the employer to the extent that it has discharged his duties, though whether its rights extend to compensation which it is liable to pay, as well as to that which it has paid, we need not decide. Notwithstanding, the provision of the statute and of the policy permitting an award for compensation to be made against the insurer directly, the function of the insurer is essentially that of indemnifying the employer. The statute contemplates that the payment of compensation should be secured by insurance, and

---

[5]See, 58 Am. Jur., Workmen's Compensation, § 358; Annotations, 19 A. L. R. 782, 27 A. L. R. 500, 37 A. L. R. 844, 67 A. L. R. 266, 88 A. L. R. 678, 106 A. L. R. 1053, 117 A. L. R. 571.

[6]See, for instance, Staples v. Central Surety & Ins. Corp. (10 Cir.) 62 F. (2d) 650.

[7]Henderson T. & T. Co. v. Owensboro H. T. & T. Co. 192 Ky. 322, 233 S. W. 743, is cited in the opinion above in support of the opposite rule. It was rejected by the United States Supreme Court.

nothing in it indicates that the insurer is to be denied an indemnitor's rights. Subrogation is a normal incident of indemnity insurance."

In a Note found in 46 Yale L. J. 695, 697, entitled *Subrogation of Insurer Under Workmen's Compensation Laws,* we find the following:

"A few statutes, making no reference to the insurer, provide only for subrogation of the employer to the employee's cause of action, and require him to hold any recovery above the amount of compensation in trust for the employee.[8] Under such circumstances the insurer should be permitted to assert the injured workman's cause of action, since the insurer, by promising to indemnify the employer fully for any compensation he has to pay, is entitled, in the absence of statute, to be subrogated *pro tanto* to the rights of the employer, who in turn is subrogated by statute to the rights of the employee. * * *

"But even if the subrogation issue is decided in the insurer's favor, *and the majority of courts so decide,* a special procedural difficulty is created by statutes of the type last discussed, where the insurer is subrogated only to so much of the cause of action against the tortfeasor as is covered by its contract indemnifying the employer." (Italics supplied.)

It is therefore apparent that, throughout the history of our Workmen's Compensation Act, we, as well as those affected by the act, have assumed that an insurer who has paid workmen's compensation benefits is entitled to the same rights of subrogation as the employer has under the statute. If we are now to adopt a different course, I think it should not be done in this case. The question has not been raised here by either party. It has neither been briefed nor argued. As a matter of fact, respondent relies on McGough v. McCarthy Improvement Co. 206 Minn. 1, 287 N. W. 857, which, inferentially at least, recognizes the right of the insurer to subrogation. Our statute requires all employers, except the state and its municipal subdivisions, to be insured unless they are given permission by the Industrial Commission to be self-insured. M. S. A. 176.181, subd. 2. I think it can be safely said that the great majority of employers are insured. It seems to me that no

---

[8]Among others in support of this statement is cited the Longshoremen's and Harbor Workers' Compensation Act.

good reason exists under these circumstances why an employer who is self-insured should have a right of subrogation against a third-party tortfeasor and that we then should deny it both to the employer and the insurer where the employer is insured. This necessarily follows by denying subrogation to the employer where the insurer has paid the compensation benefits, for the reason that the employer is not the real party in interest,[9] and then by denying subrogation to the insurer, because it is not expressly mentioned in the statute. This question is of major importance to employers and insurers under our Workmen's Compensation Act, and, if determination of the question is essential to a decision in this case, I think that we should ask for briefs and hear arguments on it rather than to proceed to a decision of our own when none of the parties have raised the question or argued it.

MATSON, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Knutson.

NELSON, JUSTICE (concurring specially).
I join in the concurring opinion of Mr. Justice Knutson.

---

[9] City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622.