**Carl CABE, Commissioner of Labor, Commonwealth of Kentucky, Custodian of the Special Fund, Appellant,**

**v.**

**Ervin POPHAM, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

As Modified on Denial of Rehearing Sept. 19, 1969.

Stuart E. Alexander, Louisville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

James Levin, Hanish & Hanish, Louisville, for appellee.

GEORGE O. BERTRAM, Special Commissioner.

Appellant, hereafter called Special Fund, was defendant in the trial court and appellee, hereafter called Ervin, was plaintiff. Ervin sustained certain alleged injuries January 21, 1963, while attempting to use a public telephone of Southern Bell Telephone and Telegraph Company, hereafter called Southern Bell. At the time of the accident Ervin was in the employ of the Prudential Heating and Air Conditioning Company, hereafter called Ervin's Employer.

Ervin filed claim against Ervin's Employer with the Workmen's Compensation Board of Kentucky, hereafter called Board. Ervin also instituted an action in the Jefferson Circuit Court on July 15, 1963, against Southern Bell to recover for the same injuries which were the subject of the compensation claim.

On August 31, 1964, the Board entered an order granting Ervin an award to be paid by Ervin's Employer. However, under the provisions of KRS 342.120(4) the Board directed the Special Fund to reimburse Ervin's Employer $28.50 per week for 425 weeks. The Jefferson Circuit Court in the action filed July 15, 1963, permitted the Special Fund and Ervin's Employer both to intervene seeking subrogation under KRS 342.055.

The July 15, 1963, action filed in the Jefferson Circuit Court by Ervin against Southern Bell was removed to the United States District Court for the Western District of Kentucky. The District Court on July 5, 1966, determined that the Special Fund was not a proper party to such action under KRS 342.055 and dismissed the intervening complaint of Special Fund. Thereafter, Southern Bell, Ervin, and Ervin's Employer entered into a settlement agreement by the terms of which Ervin's Employer was released of any further liability to Ervin under the award by the Board, and Ervin received a sum from Southern Bell in excess of the unpaid

balance of the award by the Board. Special Fund refused any further payments to Ervin or Ervin's Employer. Ervin on December 5, 1966, filed complaint in the Jefferson Circuit Court seeking a balance of $2,605.47 from Special Fund which was the amount remaining unpaid under the award by the Board. Special Fund by answer contends there is now no liability under the award by the Board.

No evidence was heard and it appears that the trial court entered judgment on the pleadings adjudging the $2,605.47 balance be paid by Special Fund to Ervin. Therefore, this appeal.

We conclude that the trial court was authorized to enter judgment on the pleadings as provided by CR 12.03. However, we turn our concern now to the correctness of the trial court in the judgment it did enter.

Ervin contends that the dismissal of the intervening complaint of Special Fund by the District Court operates as res judicata to the December 6, 1966, action filed in the Jefferson Circuit Court. If this were so the defense of Special Fund would have been adjudicated. Ervin also contends that Special Fund is not entitled to be subrogated to any recovery Ervin may receive from a third party tort-feasor for the reason the Kentucky Compensation Act limits such to an employer or his insurance carrier only as provided by KRS 342.055 and Special Fund is neither.

We think the sole question is: Can Ervin recover from both Special Fund under the Workmen's Compensation award of August 31, 1964, and from a third party tortfeasor for the same injuries arising from the same accident? Looking at the award of the Board, it provides in part:

"* * * and such compensation awarded against the Special Fund shall be paid directly to the plaintiff by the defendant employer or its compensation carrier and they shall be reimbursed for such payments by the Special Fund as required by KRS 342.120(4)."

Looking at KRS 342.055, it provides:

"Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employe elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employe from the other person in whom legal liability for damages exists, not to exceed the idemnity paid and payable to the injured employe."

■ Viewing KRS 342.120(4) and the Board award of August 31, 1964, we are convinced the Board followed the direction of the statute in providing that the portion of the award to be paid out of the Special Fund should be paid directly to Ervin by Ervin's Employer or the carrier, who should thereafter be reimbursed by Special Fund. We are also convinced that KRS 342.055 clearly provides that any settlement by Ervin with his employer and releasing his employer from any further liability likewise settles and releases Special Fund from any further liability to reimburse Ervin's Employer. If no payments are made by Ervin's Employer or its insurance carrier to Ervin, how then, can it be reimbursement? If such were allowed it would in effect permit Ervin to recover from both his employer and some other person contrary to KRS 342.055.

We have examined the case of Orth v. Shiely Petter Crushed Stone Company,

253 Minn. 142, 91 N.W.2d 463, relied on by appellee. It was therein held that the custodian of a special compensation fund (which was similar to our Special Fund) did not have the right of subrogation under a statute similar to KRS 342.055 which gave the right only to an employer. The Minnesota court took a strict construction view of the statute and decided that since the special compensation fund was not named in the statute, it did not have the rights granted the employer. We are not inclined to follow the reasoning of that opinion. It is the apparent policy of our statute to deny the employee any workmen's compensation, regardless of who is required to pay it, in the event he recovers from a third party tort-feasor as much or more than the total amount of compensation recoverable.

■ It may be observed that the original act, which was the predecessor of KRS 342.055, named only the employer as the party entitled to subrogation or reimbursement in the event of a damage recovery against a tort feasor. After this court held in Henderson Tel. & Tel. Co. v. Owensboro Home Tel. & Tel. Co., 192 Ky. 322, 233 S.W. 743, that its provisions did not extend to an insurance carrier, the act was amended to include such carrier, thus showing a legislative intent to deny the employee what would be in effect a double recovery for the same injury, regardless of who paid the compensation. It cannot be denied that an award against the Special Fund is work-

men's compensation. The assets of this Fund are created by assessments against employers and insurance carriers. In a certain sense the Fund is in privity with the employer and the insurance carrier. Considering the general legislative policy and the fact that KRS 342.120(4) requires the employer to pay the award against the Special Fund (with a right of reimbursement), we are of the opinion that the Special Fund may be fairly said to be covered by the provisions of KRS 342.055 which relate to the employer and the insurance carrier.

■ The order of dismissal by the District Court did not in our opinion operate as an adjudication upon the merits as provided by CR 41.02 simply because the Board ordered reimbursement and there was nothing to reimburse.

We are aware and have examined the many citations by appellee in his brief in support of his contention. However, we cannot see how any are applicable to the facts we have involved in this appeal.

For the reasons given we think the trial court should have refused to grant judgment on the pleadings in favor of Ervin and should have dismissed the complaint filed by Ervin.

The judgment is reversed, with directions to dismiss Ervin's complaint against Special Fund.

All concur.