**Wesley McBRIDE, Respondent,**

**v.**

**Leon Joyce BLACKTOP and Lumbermens Mutual Casualty Company, Relators (C9–86–2102) Respondents (C5–86–2128),**

**and**

**State Treasurer, Custodian of the Special Compensation Fund, Respondent (C9–86–2102) Relator (C5–86–2128).**

**Nos. C9–86–2102, C5–86–2128.**

Supreme Court of Minnesota.

April 22, 1988.

Hubert H. Humphrey, III, Atty. Gen., Catherine M. Keane, Sp. Asst. Atty. Gen., St. Paul, for relator C5–86–2128, respondent C9–86–2102.

Michael D. Aafedt, Minneapolis, for relator C9–86–2102, respondent C5–86–2128.

Charles A. Bird, Rochester, for Wesley McBride.

Timothy J. McCoy, Minneapolis, Scott W. Stevenson, MN Self-insurers Ass'n, Robert D. Johnson, Ins. Federation of Minnesota, St. Paul, amicus curiae.

## OPINION

COYNE, Justice.

This appeal raises the question whether supplementary workers' compensation benefits pursuant to Minn.Stat. § 176.132, subd. 1(a) (1984) replace temporary total disability benefits when the employee has exhausted the statutory limit of 350 weeks of temporary total disability benefits but has not established a claim for permanent total disability benefits. We answer the question in the negative and reverse the decision of the Workers' Compensation Court of Appeals.

Wesley McBride suffered a work-related injury to his right foot and leg on June 19, 1969. His employer, Leon Joyce Blacktop, and its insurer, Lumbermens Mutual Casualty Co., admitted liability for employee's claim and paid temporary total disability benefits during periods of total disability from that time until November 8, 1984, when they filed a notice to discontinue after having paid 350 weeks of temporary total disability benefits, the maximum required by the workers' compensation law in effect at the time of employee's injury, Minn.Stat. § 176.101, subd. 1 (1967). Temporary total disability benefits of $21,084 and supplementary benefits of $33,353 had been paid. An interim administrative decision, issued December 5, 1984 upheld the employer's request to discontinue and denied the employee's claim for continuing supplementary benefits. The employee filed an Objection to Discontinuance on January 21, 1985, later amended to join the Special Compensation Fund as a party. He did not allege a claim for permanent total disability but claimed that supplementary benefits should be continued even though the employer and insurer had satisfied the 350–week requirement because he continued to be temporarily totally disabled.

The compensation judge found it was not disputed that the employee was still disabled but denied the employee's claim for supplementary benefits, reasoning that an employee must be currently receiving benefits under Minn.Stat. § 176.101 in order to be an eligible recipient of supplementary benefits under Minn.Stat. § 176.132, subd. 1(a). A divided Workers' Compensation Court of Appeals (WCCA) affirmed the factual findings of the compensation judge but found error in the application of the law to the facts. On the theory that "[o]nce eligible, * * * always eligible" and that "entitlement as an eligible employee is vested", the majority of the WCCA ruled that employee was an eligible recipient for supplementary benefits under section 176.132, subd. 1(a) because he had sustained an injury for which benefits were payable and had been totally disabled for more than 104 weeks. The WCCA declared that the employee has no obligation to prove permanent total disability. Employer sought review of this decision as did the Special Compensation Fund. These appeals have

been consolidated and the employer and insurer join in the brief of the Fund. Amicus curiae briefs have been filed by Minnesota Self Insurers Association and Insurance Federation of Minnesota and by the Minnesota Trial Lawyers Association.

The question we must determine is whether an employee who continues to be totally disabled is entitled to supplementary workers' compensation benefits under Minn.Stat. § 176.132, subd. 1(a) when the employee has exhausted the statutory 350 weeks of temporary total disability benefits and has not established a claim for permanent total disability.[1] We give due consideration to the interpretation of the statute by the WCCA but are not bound by it. *Mankato Citizens Tel. Co. v. Comm'r of Taxation*, 275 Minn. 107, 112, 145 N.W.2d 313, 317 (1966).

Minn.Stat. § 176.132, subd. 1(a) (1984)[2] provides as follows:

**176.132 SUPPLEMENTARY BENE-FITS.**

Subdivision 1. Eligible recipients. (a) An employee who has suffered personal injury prior to the effective date of clause (b) for which benefits are payable under section 176.101 and who has been totally disabled for more than 104 weeks shall be eligible for supplementary bene-

fits as prescribed in this section after 104 weeks have elapsed and for the remainder of the total disablement. Regardless of the number of weeks of total disability, no totally disabled person is ineligible for supplementary benefits after four years have elapsed since the first date of the total disability, except as provided by clause (b), provided that all periods of disability are caused by the same injury.

While repeatedly assuring us that the statute is "clear and unambiguous," the parties and amici representing different constituencies propose diametrically opposed constructions. The employee argues that any employee who has sustained a compensable injury and who has been totally disabled for 104 weeks is eligible for supplementary benefits as long as the employee is totally disabled, regardless of his eligibility for basic workers' compensation. Employee contends that subdivision 3 of section 176.132 supports his position.[3] The main thrust of the Fund's argument is that only an employee who has sustained a compensable injury for which basic "benefits are payable" currently is eligible for supplementary benefits, and it bolsters its argument with reference to the payment provisions of subdivision 2 of section 176.132.[4]

---

1. It is not disputed that the employee suffers an ongoing total disability. Nor is it disputed that he makes no claim at this time of permanent total disability although he may make claim for permanent total disability benefits at some future time. The nature of his disability is not at issue here, only the continuance of supplementary benefits where the employee is not currently entitled to basic benefits under Minn.Stat. § 176.101 (1984).

2. The law governing the employee's basic temporary total disability benefits is the 1967 version of Minn.Stat. § 176.101, subd. 1, which was the law in effect at the time of his 1969 injury. For the law governing his supplementary benefits, we look to the 1984 version of Minn.Stat. § 176.132, subd. 1(a), since the supplementary benefit provisions specifically apply to persons whose injuries occurred before the effective date. Subdivision 1(b) governs the eligibility requirements of those injured after the 1983 effective date.

3. Subdivision 3 of section 176.132 reads in full:
   Subd. 3. Payment. The payment of supplementary benefits shall be the responsibility

of the employer or insurer currently paying total disability benefits, or any other payer of such benefits. When the eligible individual is not currently receiving benefits because the total paid has reached the maximum prescribed by law the employer and insurer shall, nevertheless, pay the supplementary benefits that are prescribed by law. The employer or insurer paying the supplementary benefit shall have the right of full reimbursement from the special compensation fund for the amount of such benefits paid.

4. Minn.Stat. § 176.132, subd. 2(a) prescribes the amount of the supplementary benefit—namely, the difference between the amount the employee receives under section 176.101 and 65 percent of the statewide average weekly wage. Clauses (b) through (e) of subdivision 2 deal with the computation of supplementary benefits if an eligible recipient is receiving no compensation or reduced compensation as a result of third party liability, settlement of the workers' compensation claim, receipt of old age benefits or benefits from any government disability program, or "because of prior limitations in the maximum amount payable for permanent total disability."

Section 176.132 seems to us, however, neither clear nor unambiguous, particularly when plucked from its context in the Workers' Compensation Act. It must be remembered that on its enactment in 1971 section 176.132 was incorporated into an existing system of workers' compensation, and it must be presumed that the legislature intended its provisions to mesh harmoniously with the system then in force.

In the beginning the Workers' Compensation Act provided that in the event of a work-related injury producing temporary total disability, compensation—subject to maximum and minimum amounts—should be paid during the period of disability, but "not beyond three hundred weeks." Act of April 24, 1913, ch. 467, § 13, 1913 Minn. Laws 675, 678–79. By 1971, when section 176.132 was enacted, the outer limits of entitlement to temporary total disability benefits had been extended to 350 weeks. Not only was there a limit on the number of weeks of temporary total disability for which benefits could be paid at the time section 176.132 was adopted, but that same 350 week limitation on temporary total disability benefits remained a part of the workers' compensation system for four more years until 1975. *See* Act of June 4, 1975, ch. 359, § 8, 1975 Minn.Laws 1168, 1174.[5] Throughout that 62–year period an injured worker who had received temporary total disability benefits for the specified number of weeks was no longer eligible for periodic disability benefits unless the worker demonstrated entitlement to permanent total disability benefits. That the legislature left the 350 week limitation on temporary total disability benefits undisturbed when it adopted the supplementary benefit provision compels the conclusion that supplementary benefits were not intended as a substitute for temporary total disability benefits after exhaustion of the period over which temporary total disability benefits were payable.

Supplementary benefits are not a direct part of the individual employer's total workers' compensation liability to a particular employee. *Wilken v. International Harvester Co.*, 363 N.W.2d 763, 769 (Minn. 1985). Under section 176.132, subd. 3, the ultimate liability for supplementary benefits is imposed on the Special Compensation Fund. Although the Special Compensation Fund is funded by employers and their insurers, the funding is accomplished by a general assessment based on a percentage of all workers' compensation benefits paid to injured workers. Minn.Stat. § 176.129, subd. 3 (1984).[6] "There is no immediate correlation between an employer's liability to fund supplementary benefits and the amount of [supplementary] benefits which any given employee receives." *Wilken*, 363 N.W.2d at 769.

To construe section 176.132 as the replacement for temporary total disability benefits after an employee has exhausted the employee's entitlement to such benefits is, however, to create that very correlation by substituting the Special Compensation Fund for the employer as the ultimate payer in derogation of the long accepted relationship between the Special Compensation Fund and the employer:

[The Special Compensation Fund] does not stand in the employer's position either by virtue of privity of contract or otherwise. [It] is not the employer's indemnitor for compensation paid, nor does [it] insure employer against compensation claims. [It] affords no protection to any individual employer. [It] represents all employers within the act as a general class.

*Orth v. Shiely Petter Crushed Stone Co.*, 253 Minn. 142, 149–50, 91 N.W.2d 463, 469 (1958).

---

5. The 350 week limitation on temporary partial disability, as opposed to temporary total disability, was not eliminated until two years later, in 1977. *See* Act of May 27, 1977, ch. 342, § 12, 1977 Minn.Laws 697, 703.

6. Although the provisions of Minn.Stat. § 176.129, subd. 2 (1984) are not implicated here, in the event of the death of an employee as the result of compensable injury, the employer must pay to the Special Compensation Fund the difference between $25,000 and any lesser amount of dependency benefits actually paid; in no event may the employer pay less than $5,000.

Heretofore an employee who had been paid temporary total disability benefits for 350 weeks and who still was unable to work because of the injury applied for permanent total disability benefits. It must be recognized that if disability benefits have been paid for 350 weeks, the injury must have occurred more than six and one-half years earlier and the employee's condition must certainly have stabilized. At that point, if the inability to get work is the result of the residual impairment, the straightforward approach is to find the employee permanently totally disabled, subject to reopening the case if the employee later secures steady employment. 2 A. Larson, Workmen's Compensation § 57.12(d) (1987).

If eligibility for temporary total disability benefits under the Workers' Compensation Act is not a prerequisite to the payment of supplementary benefits, so that supplementary benefits replace temporary total disability benefits when the employee's entitlement is exhausted, the employee has no incentive to seek permanent total disability benefits. Thus is liability for permanent total disability benefits shifted from the employer to the Special Compensation Fund. Not only is the employer relieved of the duty to pay permanent total disability benefits but the employer also escapes the additional obligatory contribution to the Special Compensation Fund of 20% of permanent total disability compensation payable to the employee. It seems extraordinarily unlikely that the legislature intended to present employer and the employer's insurer a windfall at the expense of the Special Compensation Fund.

Moreover, when the legislature established the amount of supplementary benefits, it made specific provision for supplementary payments to eligible recipients who are receiving no compensation or reduced compensation because of statutorily prescribed set-offs or because the employee or dependent had already received the maximum amount payable for permanent total disability.[7] Minn.Stat. § 176.132, subd. 2 (1986). No such exception is carved out for supplementary payments for employees who are not receiving compensation because they are no longer eligible to receive temporary total disability benefits.

Neither are we persuaded that the thrust of section 176.132 changed with the 1977 amendments to the Workers' Compensation Act. At that time the requirement for 104 weeks of "continuous" total disablement was eliminated: 104 weeks of intermittent total disability was sufficient, and if more than four years had elapsed since the employee first became totally disabled, the 104–week requirement was also eliminated. Act of May 27, 1977, ch. 342, § 16, 1977 Minn.Laws 697, 710, *codified at* Minn.Stat. § 176.132, subd. 1 (1978). The language of section 176.132, subd. 1, which appears to require present entitlement to temporary total disability benefits as a prerequisite to entitlement to supplementary benefits remained unchanged, and its meaning was not changed either by the amendment of subdivision 1 or by the earlier amendment of section 176.101 which removed the 350 week limitation on temporary total benefits.

Finally, as the parties remind us, although section 176.132 has been on the books since 1971, this matter is one of first impression. Apparently, the practical construction uniformly accorded section 176.132 for 16 years is that a present entitlement to workers' compensation benefits on account of death or disability, even though subject to set off in whole or in part, is prerequisite to eligibility for supplementary benefits. Despite the sweeping revision of the Workers' Compensation Act in 1983, the operative language of section 176.132 was not changed. In view of the 1983

---

7. Under Minn.Stat. § 176.11, subd. 4 (1949), the maximum amount payable for permanent total disability was $10,000. In 1953 this limitation on the amount payable was eliminated, but old age and survivors benefits were to be credited on workers' compensation benefits after the employer had paid a total of $18,000. Minn.Stat.

§ 176.101, subd. 4 (1953). Today the amount of weekly compensation benefits being paid by the employer is reduced, after $25,000 has been paid, by the amount of government-paid disability benefits occasioned by the same injury and by old age and survivor benefits. Minn.Stat. § 176.101, subd. 4 (1986).

reinstatement of time limitations on temporary total disability benefits, any expansion of the scope of section 176.132 by declaring that supplementary benefits replace temporary total disability benefits when the employee's entitlement to temporary total disability benefits has been exhausted must come not from this court but from the legislature.

Reversed.

YETKA, Justice (dissenting).

I find the majority opinion to be a technical and strained rewriting of the statute. A plain reading of the statute indicates that an employee who has suffered personal injury for which benefits are payable under section 176.101 and who has been disabled for more than 104 weeks shall be eligible for supplemental benefits "for the remainder of the total disablement."

I would affirm the Workers' Compensation Court of Appeals.

WAHL, Justice (dissenting).

I join the dissent of Justice YETKA.

POPOVICH, Justice (dissenting).

I join in the dissent of Justice Yetka and for these additional reasons:

(1) Under the majority holding an employee would be required to seek permanent total disability benefits prematurely.

(2) The intent of the legislature to provide supplementary benefits for a totally disabled employee "for the remainder of the total disablement" cannot be defeated by a narrow reading of "injury * * * for which benefits are payable." Section 176.-132, subdivisions 2 and 3, indicates there are employees not currently receiving benefits who are nevertheless eligible for supplementary benefits. Subdivision 1(a) cannot be read as requiring current eligibility for basic benefits to establish eligibility for supplementary benefits if the employee, as here, suffers an ongoing total disability. If the legislature intended "present entitlement" to be a condition precedent to supplemental benefits, it could have modified the words "are payable" to "are currently

payable" or "are currently being paid." It did not, and therefore no limitation exists.

(3) The issue in this case is one that should be properly addressed by the legislature as it grapples with revisions of the workers' compensation laws.